WESLEY P. BYERS vs. M. H. JANES — Appeal from Bowie County.

The refusal of the court below to enter a decree prayed for is not subject to the revision of this court until there has been a final disposition of the cause in the lower court.

The decision of a justice of the peace and six jurors, in a summary proceeding under the 17th section of the land law of December 14, 1837, providing for the settlement of the claims of different occupants, is not subject to revision of the district courts. The summary trial provided for by the act is final and conclusive.

Case stated in the opinion of the court.

*E. Allen*, for appellant.

*Martin*, for appellee.

Mr. Justice LIPSCOMB, after stating the facts, delivered the opinion of the court.

This suit was brought before a justice of the peace and six jurors, under the 17th section of the land law, passed December 14, 1837, providing for settling the claims of different occupants.

And the case was taken to the district court by a *certiorari* from that court. From the record presented in this court, it appears that there has been no judgment rendered in the court below disposing of the case. There seems to have been a verdict of a jury, finding certain facts, on which the plaintiff prayed the court to enter [530] up a special decree, which he then and there exhibited to the court, but which prayer was refused, and no judgment or decree was entered. It is very clear that the refusal of the court to enter the decree prayed for is not subject to revision until there has been a final disposition of the case by the court below. For aught that we know, the cause may still be progressing in the court from whence this appeal was taken, or it may have since been disposed of by a final decree, not brought up for revision.

If, however, there has been a final judgment in the court below dismissing the case at the cost of the plaintiff, we could not reverse the judgment, as we decided at the last term of this court, in the case of Field and Anderson, 1 Tex. 437, that the decision of the justice and the six jurors was not subject to revision in the district court, but that the summary trial provided by the act was to be final and conclusive. If, then, this case was fairly before us for revision on the final judgment of the district court against the plaintiff, we would be bound to affirm the judgment. As presented, however, the appeal must be dismissed, at the cost of the appellant.

---

[531] THE PRESIDENT AND DIRECTORS OF THE BANK OF THE STATE OF ALABAMA vs. WILLIAM SIMONTON — Appeal from Montgomery County.

Where a complete record has been brought up on *certiorari*, the case will not be dismissed on the ground that the terms upon which the *certiorari* was granted were not complied with.

Exceptions to the form and manner of prosecuting an appeal ought all to be taken at once, and in the first instance.

Where suit was brought in the name of "The president and directors of the Bank of the State of Alabama" upon a note set out in the petition, made

(469).