## J. H. LANE v. CHARLES ELLINGER.

1—No appeal or writ of error will lie to a refusal by a district judge to enter a final judgment in a cause. If the refusal works injury, some other remedy must be invoked.

2—Why the court below did not enter final judgment on the return of a verdict, this court has no right to inquire into by appeal or writ of error.

3—So long as proceedings in a suit remain *in fieri,* (that is, until final judgment,) the power of a court to render judgment *nunc pro tunc* is unquestionable.

ERROR from Bastrop. Tried below before the Hon. David Sheeks.

Suit on a warranty of soundness of a slave, instituted in 1861, which came to trial in February, 1869, and resulted in a verdict for Lane, the plaintiff in error, who was defendant below. Judgment, however, was not rendered on the verdict, and at the next succeeding term Lane moved for judgment final, *nunc pro tunc.* An order was entered overruling the motion. The writ of error was sued out to this order.

*J. B. Rector,* for plaintiff in error.

No counsel for defendant in error.

LINDSAY, J.—It appears from the record that there is no final judgment in this case. Without such final judgment, there can be no appeal; and, of course, no writ of error, which can give this court jurisdiction. There can be no appeal taken or writ of error sued out, to the refusal of the district judge to enter a final judgment in a cause. Why the final judgment was not entered by the court below upon the return of the verdict into court, this court has no right to inquire into by appeal or writ of error. The jurisdiction of this court is exclusively appellate, and can be exercised only in cases of final judgment, except where the Legislature *may* specially provide for its exer-

cise upon interlocutory orders and judgments. None such is so provided in cases like the present. (See 2 Tex., 529.) The reason why the final judgment was not entered upon the verdict at the subsequent term, upon the motion of the party in whose favor the verdict was, is not apparent. So long as the proceedings were in *fieri*, (in which condition they certainly were until final judgment), the power of the court, at the common law, to make the entry *nunc pro tunc*, was unquestionable. There may have been sufficient reasons, of which this court is not informed, for the failure so to enter it. This court, however, can not take original jurisdiction of the case, simply because, *pro forma*, a writ of error has been issued by the district clerk. It is supposed that the cases of Johnson v. Smith and another, and of Burnett v. The State, 14 Tex. R., 455, will authorize this proceeding. It will be observed, however, in each of those cases final judgment was entered at a subsequent term of the court which conferred the jurisdiction. Not so in this case. If a wrong has been committed, some other remedy must be invoked. The cause is dismissed.

Dismissed.