## ALBERT FULCHER V. THE STATE OF TEXAS.

1. Appeal does not lie from the action of the District Court in overruling a motion for new trial in a criminal case.
2. In this case the jury found the defendant guilty of rape; thereupon the court remanded the defendant to jail to await sentence. A motion for new trial was overruled, and an appeal taken. *Held*, that the Supreme Court had no jurisdiction on appeal.
3. Hoppe v. The State, in 32 Texas, overruled.

APPEAL from Bastrop. Tried below before the Hon. J. P. Richardson.

The defendant was found guilty of rape. Upon the return of the verdict, it was ordered by the court that the

defendant, Albert Fulcher, be remanded to the county jail, there to await judgment and sentence.

A motion for new trial was overruled, the record showing, "It is ordered by the court that said motion be and the same is hereby overruled, to which ruling of the court the defendant did then and there except, and gave notice in open court of appeal to the Supreme Court of Texas."

*Jones & Sayers*, for appellant.

*Attorney-General*, for the State.

MCADOO, J.—No judgment was rendered on the verdict of the jury in the court below, in this case, as disclosed by the record. The appeal was taken, and is prosecuted alone from the action of the District Court in overruling the motion for a new trial.

This court uniformly held, in a long line of decisions, from case of Shultz v. The State, 13 Texas, 401, to Lane v. Ellinger, 32 Texas, 369, inclusive, that without final judgment, there could be no appeal to this court. The same rule has been held, both in civil and criminal causes ; and, indeed, the rule must be the same in both classes of cases, as the reason of the rule is the same in both. The jurisdiction of this court is appellate only, and is only conferred by positive law ; there is no provision of the law which, in any case, gives the right of appeal, except from judgments *rendered* against the parties appealing.

The rule above laid down, and which was so long and so consistently maintained by this court, was disregarded and overruled in Hoppe v. The State, 32 Texas, 389.

In the opinion in that case, Mr. Justice Lindsay says : "We think the import of Article 3151 is too clear and palpable to the understanding to be called in question, that the convict may appeal from such a judgment to this court." The judgment here referred to is the judgment

of the District Court overruling the motion for a new trial. In that case, as in this, there was no judgment rendered on the verdict of conviction—no judgment except that overruling the motion for a new trial.

This section (3151, Pas. Dig.), certainly confers no jurisdiction on this court, and it was not intended by the legislative mind to confer any. It only recognized an exercise of such jurisdiction as is conferred by law; and this section must be construed in connection and in harmony with the law conferring jurisdiction.

We think the opinion in Hoppe v. The State is based on a misconception of the true import of the language used in Article 3151; and especially does this so appear when construed in connection with Article 3183. The latter article reads as follows: "An appeal may be taken by the defendant in every case where judgment of conviction has been rendered against him in the District Court," etc.

This is the law, and all of the law, which gives the right of appeal in this class of cases. By its very terms the appeal only lies from the judgment of conviction "rendered;" not from the judgment overruling the motion for a new trial; nor from the verdict of the jury; nor from any other part of the proceedings in the case. The very language of Article 3183 is its own best interpretation. What language can be clearer or more conclusive?

Now, in view of the language used in Article 3183, what is the true intent of Article 3151? This latter article reads as follows: "When, from any cause whatever, a verdict of conviction has been returned, and there is a failure to enter judgment and pronounce sentence during the term, the judgment may be entered and sentence pronounced at the next succeeding term of the court, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken."

A proper analysis of the above language clearly develops this meaning: When, for any cause whatever, after a verdict of conviction has been returned, there is a failure to enter judgment, the judgment may be entered at the next succeeding term of the court, unless a new trial has been granted, or the judgment has been arrested ; and if there is a failure to pronounce sentence during the term, the sentence may be pronounced at the next succeeding term of the court, unless an appeal has been taken.

Had the two failures in the District Court, intended to be cured by that section, been provided for, not in a single section and a single sentence, but in two distinct sections, as is usual in the provisions of the Code of Procedure, the erroneous construction placed by the court on Article 3151, in Hoppe v. The State, would have been avoided.

For the reasons set out in this opinion we are satisfied that this court should recede from the ruling in Hoppe v. The State, and return to the former rulings on the subject of appeals from the District Court to this court.

· DISMISSED.

OGDEN, P. J.—I concur in the above opinion. The case is therefore dismissed for want of final judgment.

The cases of Smith and Fulcher v. The State, Nos. 1688 and 1689, will be dismissed, for the reasons set forth in this opinion.

WALKER, J., *dissenting.*—It is not my purpose in writing a dissenting opinion to weaken or unsettle by criticism the opinion of the majority of the court rendered in this case. The majority of the court have boldly overruled the case of Hoppe v. The State, following, as we are told, the previous rulings of the court. I am unable to

find that the precise point raised in this case has ever been adjudicated in any criminal case decided before Hoppe v. The State.   In Shultz v. The State, 13 Texas, 401 ; Burrel v. The State, 16 Texas, 147 ; in Calvin v. The State, 23 Texas, 577, and in perhaps one or two earlier cases, in none of which does it appear that an appeal had been taken from a judgment overruling a motion for a new trial or a motion in arrest of judgment, the courts have held that an appeal would not lie to the Supreme Court on a verdict of conviction where no final judgment had been entered.   I believe I have thus fairly stated the doctrine of the earlier cases.   I will restate it ; it is this : An appeal will not lie from a verdict of conviction where no final judgment has been entered.   I will place this doctrine in juxtaposition with the statute—Article 3151, Paschal's Digest.   The article reads thus :   "Where, from any cause whatever, a verdict of conviction has been returned and there is a failure to enter judgment and pronounce sentence during the term, the judgment may be entered and sentence pronounced at the next succeeding term of the court, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken."

It is announced in the opinion of the majority of the court that this statute confers no jurisdiction upon the Supreme Court.   Certainly not.   I do not for one moment claim that it does ; but the Constitution confers an appellate jurisdiction upon this court, and warrants the allowance of an appeal whenever, in the opinion of any member of the court, any error in law has been committed in the District Court.   Suppose, then, a failure to enter final judgment on the verdict of conviction is the very error complained of.   Will it be contended for one moment that a judge of this court has no power under the present Constitution to grant the appeal ?

I assert it as my unqualified belief that it would be the

duty of any member of this court, regarding the final judgment, so-called, as a *sine qua non*, to grant the appeal for this reason alone, and it would be the duty of the court to correct the error. But what is the force of Article 3151? It provides that a final judgment may be entered at a succeeding term of the court where it has been omitted at the trial term, if a new trial has not been granted, the judgment arrested, or an appeal taken. And suppose an appeal has been taken, then what does the Legislature say? If it is not said that nothing more shall be done in the District Court until the appeal has been determined, then the necessary action of the District Court may be had; but we may well ask ourselves what is properly to be regarded as a final judgment in any case, and the question is fully answered in Kennedy v. Morrison, 31 Texas, 220. In delivering the opinion of the court the Chief Justice says: "In appealing from the final or last judgment that was rendered in the cause, whether that judgment should be the adjudication of the court, that the defendant go hence, etc., or that the plaintiff have and recover, etc., or that a new trial be granted or refused to a party applying for the same—in either of these cases the last judgment appealed from brings up for the revision of this court all the previous proceedings or interlocutory judgments."

It might be insisted with much plausibility that a motion for a new trial, or a motion in arrest, would be irregular and certainly unnecessary if no final judgment had been entered on the verdict.

But this court would not allow an appeal, unless one or the other of these motions had been made in the District Court and overruled. Suppose, then, neither of these motions be made in the District Court where no final judgment has been entered, and the court goes on and sentences the prisoner to the punishment to which the

jury has condemned him. This sentence will stand as a final judgment, and in my opinion the prisoner can take no exception to it; and here, I think, arises much of the difficulty attaching to this question. What is insisted on as a final judgment should, under our law, be no more nor less than the sentence of the court condemning the prisoner to suffer the penalty awarded by the verdict. Our criminal law is peculiar. Under our system the court does not adjudge the punishment. The jury fixes that. The judgment of the court can add nothing to it, and diminishes nothing from it. All the court can do with it is to set it aside and grant a new trial, or arrest it for some legal insufficiency of the record.

Is it necessary, then, in order to give force to the verdict, that the judge should say, "I approve the verdict of the jury," or use some such unnecessary form of words, as will indicate that the judge does what he cannot help doing?

Form, and form only, has prescribed that the judge, before the prisoner is taken to the cell or the scaffold, shall address the prisoner, notifying him of his punishment, and the time and manner of its execution, concluding with a benediction; but this is the last ceremonial of the court; and if it be a judgment, it is the final judgment, and no appeal can be taken from it; nor can it be pronounced, where an appeal has been taken, until that appeal has been determined against the prisoner.

It was the opinion of the late Presiding Justice of this court, and is certainly entitled to consideration, that the 3d Section of the 5th Article of the Constitution does away with all necessary controversy on this subject. The section reads thus:

"In criminal cases, no appeal shall be allowed to the Supreme Court, unless some judge thereof shall, upon inspecting a transcript of the record, believe that some error

of law has been committed by the judge before whom the cause was tried."

I again recur to this, and maintain that, if it be error in law to omit the so-called final judgment, the appeal should be allowed, and the error corrected. But in attaching the importance I do in this consideration to the foregoing clause of the Constitution, I by no means surrender the doctrine of Hoppe v. The State, 32 Texas, 389.

Here the question was fairly met, that a party convicted may appeal from a judgment overruling his motion for a new trial, though no judgment has been entered upon the verdict of conviction.

It cannot be said that until judgment is entered on the verdict the prisoner has no ground for a motion for a new trial, and nothing to appeal from. Such is not the fact nor the law. The verdict of the jury fixing the measure of his punishment is against him, and if he resist it by no motion, nor appeal, and sentence follow, his doom is sealed. But to relieve the learned court that decided Hoppe v. The State from any charge of inconsistency by reason of a supposed clash between Hoppe v. The State and Lane v. Ellinger, I must examine the latter case ; and though Lane v. Ellinger is quoted as authority in the opinion of the majority of the court, I think the most cursory examination of the case will show that it has nothing to do whatever with the principle involved in the case at bar, and in Hoppe v. The State. All that was decided in Lane v. Ellinger is simply that no writ of error will lie to a refusal by a District Judge to enter a final judgment in a cause. I humbly submit that this case, thus fairly stated, gives no support whatever to the opinion of the majority of the court. It was no doubt properly considered by the court in Lane v. Ellinger that *mandamus* was the proper remedy. I submit my opinion with all deference to the decision of a majority of the court.