

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 10, 1939

Honorable E. E. Coons
County Attorney
Stratford, Texas

Dear Mr. Coons:

Opinion No. O-45
Re: Fees of County Attorney

This department acknowledges receipt of your letter of January 4, 1939, the material part of which is quoted as follows:

"Sherman County, by authority of its commissioners' Court, intervened in a suit in the District Court of the United States at Abilene, Texas, in which the City of Gorman was defendant, and wherein it was sought by certain bondholders to obtain a judgment against the said City of Gorman for principal and interest of its defaulted bonds. In its order authorizing such intervention, the Commissioners' Court instructed the County Attorney to request permission to intervene, and authorized the employment of a firm of attorneys in Abilene, Texas, to assist in the suit."

Your letter also states that there was an agreed judgment entered by the Federal Court, under which Sherman County is to receive certain refunding bonds and also is to participate pro rata in the sinking funds appertaining thereto and which had accumulated to the extent of $1260.

Your question, upon which your request for an opinion is predicated, is :

"Is a county attorney entitled to the legal commissions on the money part of this judgment, namely, ten per cent on the first thousand dollars and five per cent on the remainder, $260.00"?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The writer feels that to intelligently answer
this question, it should be restated in order to be in keep-
ing with the facts of your case as above outlined. Therefore,
we shall endeavor to answer the following question which in-
cludes the essential part of your question:

Is a county attorney entitled to the legal com-
missions authorized under Article 335 in civil actions where
money is recovered and collected by him pursuant to instruc-
tions from the Commissioners' Court of such county, and where
such body authorized the employment of special counsel to
assist said county in prosecution of the suit?

This subject has been treated before in opinions by
this department, namely, Opinion 2325, handed down on April
6, 1921, and printed on page 484 of Reports and Opinions of
the Attorney General for 1920-1922, and Opinion 2673, rendered
March 19, 1927, and printed on page 210 of Reports and Opinions
of the Attorney General for 1926-1928. Such opinions, however,
were not based upon facts directly in point with your case,
but sufficiently similar to enable us to quote one conclusion
which was reached in both of these opinions, such conclusion
being-

"The county attorney is not entitled to com-
mission or fee under Article 335, Revised Civil
Statutes, 1925, on money collected by suit or
otherwise for the county, except where it is the
duty of the county attorney to take action in
behalf of the county."

The Acts of 1876, Section 1, Page 283, General Laws,
Volume 8, pages 922 and 1119, define the duties of county at-
torneys, and the rights and duties therein conferred are of
such nature as to require him to institute certain suits upon
his own volition. This also limited the county attorney to
actions in county courts and inferior courts of his county,
except in the absence of the district attorney when he shall
represent the State in all cases in the district court. His
compensation for all such services was prescribed therein.
However, the county attorney is authorized by the Constitution
to represent the State in all cases in the district and inferior
courts in his county, and under the decision of the Supreme
Court in the case of Maude vs. Terrell, 200 S. W. 375, the
legislature can not take away from the county attorney, in a
county where there is no district attorney, the right to rep-
resent the State in all cases in the trial courts. The Consti-
tution does not regulate the duties of the county attorney in
representing the county.

In the case of Brady vs. Brooks, 89 S. W. 1052, the Supreme Court stated that "the principal purpose of the Constitution in creating the offices of district attorney and county attorney was to make as the main functions of these officers, the prosecution of criminal cases." However, the legislature has from time to time conferred additional duties upon these officers, but no authority is found in the statutes that makes the county attorney the representative of the county in suits. As further evidence that the duties and rights of the county attorney prescribed by the Constitution were restricted, we refer to subsequent Acts of the Legislature conferring additional duties on these officers, such as Article 6716 of the Revised Civil Statutes, 1925, which provides that the county attorney shall represent the county in certain suits for damages. Clearly, it is not the intention of the Legislature to make it the right of the county attorney to represent the county in all actions.

Article 334 of the Revised Civil Statutes, 1925, provides that district and county attorneys shall advise and give opinions to the various county and precinct officers, but this does not mean that the Commissioners' Court is required to employ the county attorney in all civil suits, nor does it mean that the county attorney has the right to represent the county in such suits.

In the case of Looscan vs. Harris County, 38 Tex. 511, the Supreme Court held that the Commissioners' Court of a county had the exclusive right to determine whether a suit should be brought in the name and for the benefit of a county, except in a case where a concurrent or exclusive right is conferred on some other official or tribunal by the Legislature to exercise in some specified case a like discretion. The court uses this further language:

"The Commissioners' Court, presided over by the county judge, is virtually a council vested with power to manage and direct all of such material and financial interests of the county as the laws of the state have confided to its jurisdiction. The management of the financial affairs of the county have always heretofore been vested in tribunals which have existed at different times under various names and designations, such as county court, commissioners' court, etc.; they have, however, all been clothed with similar powers, and like duties have been imposed upon them. The commissioners' court undoubtedly has the right to cause suits to be instituted in the name of and for the benefit of the county, and except where a concurrent

right to do the same thing, or where an exclusive right in a specified case or cases is conferred upon some other tribunal or some other officer of the government, the commissioners' court must be deemed to be the quasi executive head of the county, vested with exclusive power to determine when a suit shall be instituted in the name of and for the benefit of the county."

The Commissioners' Court has authority to employ counsel to the exclusion of the county attorney to institute suits in behalf of the county, except actions against office holders as provided by Article 339, Revised Civil Statutes, 1925. This was held heretofore by this department in Opinion 2673, above mentioned. This opinion also held that the Commissioners' Court has the authority to employ counsel to the exclusion of the county attorney to bring suit against the Banking Commission for the recovery of county funds under the Guaranty Bank Fund Law on account of the bank (county depository) failure, and the county attorney is not entitled to any commission on collections made as a result of said suit, except as may be provided by contract between the county attorney and the Commissioners' Court.

It is the writer's conclusion that you are not entitled to the commissions under Article 335 as a result of the money recovered in the suit wherein Sherman County intervened, as outlined in your letter. The matter of your prosecuting the interests of the county, pursuant to an instruction or authorization by the Commissioners' Court, was not such as can be construed to have been a right or duty prescribed or conferred by the Constitution or Legislature upon your office. Therefore, if you are entitled to any compensation, it must be by reason of contract between yourself and the Commissioners' Court, and only such compensation as may have been fixed in that contract.

Yours respectfully

ATTORNEY GENERAL OF TEXAS

By _Clarence E. Crowe_
Assistant

CEC:S
APPROVED
_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS