# THE ATTORNEY GENERAL
## OF TEXAS



GERALD C. MANN
~~JOHOXXIBESKIBIBBIXIXBOX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable H. D. Stringer
County Attorney
Hall County
Memphis, Texas

Dear Sir:

Opinion No. O-3599
Re: If the County Attorney is direct-
ed to bring suit for the county
against an individual for damages
done to property belonging to
the county, is he only allowed
the commission thereon prescrib-
ed by Article 335, Vernon's
Annotated Civil Statutes, and
related questions?

Your letter of August 14, 1941, requesting an opin-
ion of this department upon the questions stated herein has
been received.

We quote from your letter as follows:

"If the County Attorney is directed to bring
suit for the county against an individual for
damages done to property belonging to the county
is he only allowed the commission thereon pre-
scribed by Art. 335, R. S.? And if the suit was
settled before judgment would he still be entitled
to the remuneration provided in Art. 335,
R. S.? Also would the remuneration in such a
suit be a fee of office and accountable for as
such?"

Article 335, Vernon's Annotated Civil Statutes, reads
as follows:

"Whenever a district or county attorney has
collected money for the State or for any county,
he shall within thirty days after receiving the
same, pay it into the treasury of the State or
of the county in which it belongs, after deduc-
ting therefrom and retaining the commissions

Honorable H. D. Stringer, Page 2 (O-3599)

allowed him thereon by law. Such district or
county attorney shall be entitled to ten per cent
commissions on the first thousand dollars
collected by him in any one case for the State or
county from any individual or company, and five
per cent on all sums over one thousand dollars, to
be retained out of the money when collected, and
he shall also be entitled to retain the same com-
missions on all collections made for the State or
for any county. This article shall also apply to
money realized for the State under the escheat
law."

Paragraph 3 of Article 6716, Vernon's Annotated Civil
Statutes, provides:

"3. The owners, operators, drivers or movers
of any vehicle, object or contrivance over a pub-
lic highway or bridge shall be jointly and
severally responsible for all damages which said
highway or bridge may sustain as the result of
negligent driving, operating or moving of such
vehicle, or as a result of operating same at a
time forbidden by said road officials. The amount
of such damages may be recovered in any action at
law by the county judge for the use of the county,
and such recovery shall go to the benefit of the
damaged road. The county attorney shall represent
the county in such suit."

You do not state in your letter whether or not the case
in which you may be directed to represent the county is a case as
mentioned in Article 6716, supra. However, in the absence of such
statement, for the purposes of this opinion, we assume that the
case is not to be brought under this statute.

Article 334, Vernon's Annotated Civil Statutes, provides
that district and county attorneys shall advise and give opinions
to the various county and precinct officers, but this does not
mean that the Commissioners' Court is required to employ the
County Attorney in all civil suits, nor does it mean that the
County Attorney has the right to represent the county in all such
suits.

In the case of Loosoon v. Harris County, 38 Tex. 511,
the Supreme Court held that the Commissioners' Court of the county
has the exclusive right to determine whether a suit should be
brought in the name and for the benefit of the county, except in
the case where a concurrent or exclusive right is conferred on

some other official or tribunal by the Legislature to exercise in some specified case a like discretion.

In the case of Brady v. Brooks, 89 S. W. 1052, the Supreme Court stated that:

"The principal purpose of the Constitution in creating the offices of district attorney and county attorney was to make it the main functions of these officers, the prosecution of criminal cases."

However, the Legislature has from time to time conferred additional duties upon these officers. As further evidence that the duties and rights of the County Attorney prescribed by the Constitution were not restricted, we refer to the subsequent acts of the Legislature conferring additional duties upon these officers, such as, Article 6716, supra, and Article 339, Vernon's Annotated Civil Statutes, which require the District or County Attorney to institute such proceedings as are necessary to compel the performance of certain duties by certain officers and to preserve and protect the public interest as set forth in said statute.

The Commissioners' Court has the authority to employ counsel to the exclusion of the County Attorney to institute suits in behalf of the county, except actions against office holders, as provided by Article 339, supra. This was held heretofore by this department in conference opinion No. 2673. This opinion held that the Commissioners' Court has the authority to employ counsel to the exclusion of the County Attorney to bring suit against the Banking Commission for the recovery of county funds under the guaranty bank fund law on account of the banks (county depository) failure, and the County Attorney is not entitled to any commission on collections made as a result of said suit, except as may be provided by contract between the County Attorney and the Commissioners' Court.

The case of City National Bank v. Presidio County, 26 S. W. 777, holds that it is not the legal duty of the County Attorney to represent the county in suits affecting its interest. The case of Jones v. Veltman, 171 S. W. 291, holds that the Commissioners' Court has the authority to employ the County Attorney to represent the county in pending suits.

After a careful search of the statutes, we fail to find any statute imposing the duty upon the County Attorney to

represent the county in any suit to recover damages done to property belonging to the county except as above stated. This being true, there is no duty imposed upon the County Attorney to bring the above mentioned suit. However, under the above mentioned authorities, the Commissioners' Court has the legal authority to contract with the County Attorney to bring the suit for the county and to pay him a reasonable compensation for his services in such suit as may be determined by the Commissioners' Court and the County Attorney. We do not think that Article 335, supra, has any application to the question under consideration, but that said statute applies only in those instances where the duty or duties are imposed upon the County Attorney by law to perform such duties and in such cases, Article 335, supra, provides compensation for such services.

Therefore, it is the opinion of this department that Article 335, supra, has no application to the question under consideration, and that the Commissioners' Court can legally contract with the County Attorney to bring the above mentioned suit and pay the said County Attorney a reasonable compensation for such services as may be agreed upon between the Commissioners' Court and the County Attorney. Our opinion No. O-45 supports the conclusion stated herein, and we enclose a copy of the same for your information.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      /s/ Ardell Williams
          Ardell Williams
          Assistant

AW:GO

ENCLOSURE

APPROVED AUG 21, 1941

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion
Committee

By /s/ CEC
Chairman