### JOHNSON v. SMITH AND ANOTHER.

Where there was a verdict for the defendant at the Spring Term, 1849, but the Court failed to enter up, in proper form, a final judgment upon the verdict, and on motion of the plaintiff, at the Spring Term, 1853, a final judgment was entered upon the verdict, *nunc pro tunc*, from which judgment the plaintiff appealed, this Court on motion to dismiss the appeal, held that the judgment was properly entered, and that the appeal was in time.

Appeal from Harrison. It appears by the record that there was a trial and verdict for the defendants, at the Spring Term of the Court, 1849, but the Court failed to enter up, in proper form, a final judgment upon the verdict. Subsequently, at the Spring Term, 1853, upon the motion of the plaintiff, final judgment was entered upon the verdict *nunc pro tunc*. The plaintiff had given notice of appeal at the trial, and the entry now for then contains the notice. The appeal bond was filed after the entry of judgment.

*Clough & Lane* and *Allen & Hale*, for appellant.

*Henderson & Jones*, for appellee.

WHEELER, J. The practice of entering judgment now for

then, where the first entry was incomplete, has been of not unfrequent occurrence, and has, in more cases than one, received the sanction of this Court. Appeals from judgments thus rendered, have invariably been entertained. The entry bears date at the time it is made; and the judgment, for the purposes of the appeal, is to be considered as having been then rendered. But it has the same force and effect, as a judgment of the Court, as if the entry had been made at the proper time; the entry of the judgment now, that is, when it is actually done, being allowed in law, to pass as a substitute or equivalent for doing it then, or before; having the same legal effect. (Edwards v. Holman, *supra*.) The appeal could not be prosecuted successfully until the actual entry of judgment; consequently the appeal bond must have referred to that time; and the appeal cannot be dismissed because it was not sooner filed. The law does not require impossibilities. To refuse to entertain the appeal on this ground, would be, in effect, to deny the right to appeal in such a case. We have no doubt of the right to entertain jurisdiction of the appeal bond within the prescribed period after the date of the entry of final judgment.

It is objected that the bond does not sufficiently describe the judgment; but this objection we do not think well taken. The judgment is described in the bond, accurately, by the names of the parties, the Term of the Court, and the legal effect of the judgment; and this, we think, is sufficient. The motion to dismiss is therefore overruled.

Motion overruled.