H. L. RED v. J. E. BISCHOFF et al. (No. 1699.) (Court of Civil Appeals of Texas. El Paso. Feb. 26, 1925. Rehearing Denied March 26, 1925.) Error from El Paso County Court at Law; J. M. Deaver, Judge. Brothers & Radney, of El Paso, for plaintiff in error. Turney, Burges, Culwell, Holliday & Pollard and Nichols & Robinson, all of El Paso, for defendants in error.

HIGGINS, J. The motion of defendants in error to dismiss is overruled, upon the principle announced in the following cases, to wit: Johnson v. Smith, 14 Tex. 412; Henry v. Boulter, 26 Tex. Civ. App. 387, 63 S. W. 1056; Railway Co. v. Texas, etc., 50 Tex. Civ. App. 182, 110 S. W. 140; Slayden & Co. v. Palmo (Tex. Civ. App.) 90 S. W. 908. This suit was brought by the plaintiff in error against the defendants in error, Bischoff, Robert Lander, Fred A. Elliott, and the Pioneer Abstract & Guaranty Company. A. Janke and the Lander Lumber Company intervened. The causes of action against Robert Lander and Elliott were improperly joined with that against Bischoff, and the exceptions of Lander and Elliott to that effect were properly sustained. Having dismissed the interventions of Lander Lumber Company and Janke, the court erred in taxing the costs of the interventions against the plaintiff in error. However, these costs amount to but a few cents. The error, therefore, is not reversible. "De minimis non curat lex." Ayers v. Snowball (Tex. Civ. App.) 181 S. W. 827. The Pioneer Abstract & Guaranty Company is holding in trust for the true owner note No. 52, executed by the plaintiff in error, described in his petition, and which the plaintiff seeks to have surrendered to him and canceled. As to that phase of the case, Janke was a necessary party, because he was asserting a claim to said note. Janke's intervention having been denied for supposed lack of jurisdiction over the subject-matter, and no complaint thereof made by plaintiff in error, the court could not properly render judgment against the trustee, as sought. The court could not properly render judgment as sought, without having Janke before it, so that his right to the note be adjudicated. For this reason the judgment as to the Pioneer Abstract & Guaranty Company presents no error. Upon the conclusions announced, no reversible error appears. Affirmed.