## PEEPLES v. TEXAS INDEMNITY INS. CO.
### (No. 2334.)

Court of Civil Appeals of Texas. El Paso.
Nov. 21, 1929.

152

R. S. Ragsdale, of Burkburnett, for plaintiff in error.

Carrigan, Britain & King, of Wichita Falls, for defendant in error.

WALTHALL, J. On March 12, 1921, the Industrial Accident Board made and entered an award for compensation in favor of J. H. Peeples, plaintiff in error, stating said amount and how paid, and of said amount a stated per cent. in favor of E. M. Barber, Peeples' attorney.

On March 30, 1921, Texas Indemnity Insurance Company filed suit in the Thirtieth district court of Wichita county to set aside said award. On January 25, 1922, there was entered upon the docket of the Thirtieth district court the following: "Tr., 78th." Under that entry the cause was transferred to the Seventy-Eighth district court, where, on February 7, 1922, the parties appearing, it was tried and judgment rendered in favor of Texas Indemnity Insurance Company. On March 21, 1922, the judgment was set aside and a new trial granted. Thereafter the cause was set for trial on June 29, 1922, in the Seventy-Eighth district court, and in that court the docket sheet, certified to by the clerk as a true and correct copy of the judge's docket sheet, showed the following: "6—29—22. Dismissed for want of prosecution." That entry appears to have been made in the Seventy-Eighth district court.

On the last date above the following appears:

"Texas Indemnity Insurance Company, Plaintiff, v. J. H. Peeples, Defendant, No. 10505–A. In the 30th District Court of Wichita County, Texas, June 29, 1922.

"This day came the plaintiff in the above entitled and numbered cause and says that he will no further prosecute his suit against the defendant.

"It is therefore ordered and adjudged that this cause be and the same is hereby dismissed. It is so ordered.

"H. R. Wilson, Judge."

On April 12, 1928, Texas Indemnity Insurance Company filed in the Seventy-Eighth district court a motion for judgment nunc pro tunc, reciting that the court dismissed the cause of Texas Indemnity Insurance Company against J. H. Peeples, for want of prosecution on the part of J. H. Peeples, and that the docket entry shows such dismissal on June 28, 1922, in the handwriting of the court, but that no order or judgment was ever entered in said court except the notation made by the court upon his docket at the time of dismissal, and moved the court to enter judgment of the court nunc pro tunc, as of the date of the order upon the docket.

The record shows that Peeples appeared in the Seventy-Eighth district court and contested the entry of the motion.

The court entered the order on the motion reciting substantially the following:

After reciting the style of the case, and, as in the Seventy-Eighth district court, on this 29th day of June, 1922, the cause came on to be heard, the appearance of the Texas Indemnity Insurance Company by counsel, the appearance of the defendant, Peeples, by counsel, "and it appeared that Peeples would not attend, and that counsel was not, therefore, ready for trial, whereupon the court dismissed said cause from the docket for want of prosecution upon the part of J. H. Peeples." Then follows the order dismissing the case "as to all defendants for want of prosecution upon the part of the complainant, J. H. Peeples, and all parties defendant." The order is signed by the judge of the Seventy-Eighth district court.

The record does not show that Peeples, or any contestant, took any further action other than to contest the entry of the order on the motion, or that an appeal or writ of error was taken from the order of dismissal entered nunc pro tunc.

On September 1, 1928, plaintiff in error filed in the Seventy-Eighth district court what is styled Texas Indemnity Insurance Company, plaintiff, v. J. H. Peeples, defendant, giving the number of the suit as 10505–B, and designated "Repleader-Bill of Review," in which is set out practically the history of the proceedings of the award in the courts, as above, the filing of the Texas Indemnity Insurance Company's petition to set aside the award by the Industrial Accident Board, the transfer of the cause from the Thirtieth to the Seventy-Eighth district court, the former trial of the case, the result of the trial, the new trial granted, the dismissal of the case for want of prosecution, the entry of the judgment nunc

pro tunc, referring to the several proceedings had. The petition alleges that the Seventy-Eighth district court had no jurisdiction to enter the order dismissing the case for want of prosecution, for the reason that more than six years had elapsed since the entry of said order on the dockets, and for the reason that the entry of such order is a manifest injury to petitioner, in that the final amount of said award sought to be set aside is justly due and owing him, and that a portion of same is the property of the attorney representing him in procuring the award. It is further alleged that the legal effect of the order of dismissal is to restore the judgment to its full force and effect; that is, that J. H. Peeples have and recover of the Texas Indemnity Insurance Company the full amount of said award less the portion due the estate of said attorney, and that the order of dismissal, at the instance of the insurer company is, in effect, an abandonment of the effort to set aside the award. The petition, at much length, alleges the attendance of Peeples upon the court prior to the dismissal of his cause and why he was not in attendance at the time his cause was dismissed. The petition further alleged that the order dismissing the cause is void and of no effect for the reason that the order is not signed by the trial judge making the order and was not recorded in the minutes of said court, and, for the reasons stated, the court was without jurisdiction to enter the order nunc pro tunc, and, further, the insurance company's right to have such order entered is barred by the two and four years' statutes of limitation, which is pleaded. The petition further alleges in effect that, while in the proceedings the Texas Indemnity Insurance Company is styled plaintiff, in law and effect it is defendant, and has the burden of proof on the issue to set aside said award, and could not dismiss said cause, and the court could not dismiss same at the instance of the company, and the judgment the court could enter was in Peeples' favor for the admitted amount of the award.

It is further alleged that the judgment is not final, having made no disposition of the rights and claim of the said attorney to a portion of the award. The petition prays that the said orders and judgment entered be set aside and judgment entered for Peeples for said award, and in the alternative that said cause be set for hearing on its merits.

The record shows that on April 23, 1928, Peeples filed in the Eighty-Ninth district court of Wichita county, styled "Plaintiff's First Amended Original Petition," against Texas Indemnity Insurance Company, in substance reciting the award to him made by the Industrial Accident Board, the portion of the award to Peeples' attorney, the filing of the suit by the defendant insurance company, stating practically the several proceedings had in the case as in the above-stated suit for review. Alleges that said orders and judg-

ment are not final, and that no appeal would lie therefrom; that by reason of the failure of the defendant insurance company to prosecute its said suit to final judgment the award of the board is final and Peeples is entitled to recover the award made to him less a sum of $100 paid him, and less the award to his attorney; that said award is now fully matured, is a liquidated demand in the sum stated of $2,895, with interest, and the statutory penalty and reasonable attorney's fee of $500; that his attorney, stipulated in the award as entitled to recover a portion of the award, is dead, and leave of the court is prayed for the appointment of a representative of the estate to intervene in the suit. Alleges the filing and pending of the bill of review, and the filing of an application to have said cause transferred and consolidated and tried herein as one cause; that if mistaken as to the legal effect of the proceedings in the Thirtieth and Seventy-Eighth district courts, and if, as a matter of law, said cause pending on plaintiff's bill of review in the Seventy-Eighth district court, leave is prayed to dismiss this cause and the court hear the cause as in the bill of review, the order dismissing said cause be set aside and tried on the merits as in the bill of review.

The defendant, Texas Indemnity Insurance Company, filed its first amended original answer, and, so far as is presented here, its general demurrers to the causes as set out in the two consolidated causes. The causes were heard in the Eighty-Ninth district court the 7th of September, 1928, the general demurrers were sustained, the plaintiff Peeples having refused to amend the two causes were in all things dismissed, and the case is before this court on a writ of error.

### Opinion.

The only question presented here is: Were each of the two causes of action, as pleaded by Peeples, subject to the general demurrers?

In the opinion we will designate the plaintiff in error as plaintiff, and the defendant in error as defendant.

The first point submits that the defendant having filed its suit in the Thirtieth district court to set aside the award made by the board, and thereafter having procured the Thirtieth district court to enter the following order: "This day came plaintiff (Texas Indemnity Insurance Co.) in the above entitled and numbered cause and says, that he will not further prosecute his suit against the defendant, it is therefore ordered and adjudged that this cause be, and the same is hereby dismissed. It is so ordered. H. R. Wilson, Judge"—the effect of such order is alleged to be an abandonment by defendant of its suit, and restored said award to its full force and validity.

The answer to the above is that the plaintiff's petition shows on its face that

the case was not in the Thirtieth district court at the time of the entry of said order, and the petition shows that the case had then been transferred and was pending in the Seventy-Eighth court.

Without quoting from the record, it is sufficient to say that the petition shows that at the time of the filing, the making and entry of said order of dismissal, the case was not pending in the Thirtieth court, but was pending in the Seventy-Eighth court. Article 2182 of our Statutes, referred to by plaintiff, has application to proceedings, in the trial of cases in the court in which the case is pending for trial, and authorizes the plaintiff to take a nonsuit of the plaintiff's cause of action without prejudice to the rights of the adverse party. It would be a confusing and dangerous practice, we think, to hold that a court could effectively make any order in a case not pending in the court in which the order is made, but is pending in another court of co-ordinate jurisdiction, whether the court be in the same or in different counties.

While the insurance company's suit to set aside the award of the board was pending in the Seventy-Eighth district court, the record of the proceedings in the case in that court, as pleaded, shows that on June 29, 1922, a docket entry in the handwriting of the trial judge shows an order to the effect that Peeples' cross-action pleading the award of the board be dismissed for want of prosecution, but the record does not show that such order of dismissal was entered, other than such notation on the court's docket. On April 12, 1928, the insurance company filed its motion in the Seventy-Eighth district court, reciting the above, asking that such order of dismissal be entered, nunc pro tunc, and that when entered it have all the effect as if entered upon the date of the original order as shown upon the docket. Peeples appeared in answer to and in resistance of said motion. His answer does not question the original entry of such order in the Seventy-Eighth district court, but suggested other reasons why the order should not now be entered, but be overruled, and prayed that judgment be entered in his favor, in the sum of the board's award, and in the alternative that the cause be set down for trial on its merits.

The court sustained the insurance company's motion and entered the order of dismissal, nunc pro tunc, as asked in the motion. ■■ In Palmo v. Slayden & Co., 100 Tex. 13, 92 S. W. 796, and in Henry v. Boulter, 26 Tex. Civ. App. 387, 63 S. W. 1056, and in Bassett v. Mills, 89 Tex. 162, 34 S. W. 93, it is held by our Supreme Court that the entry of a judgment nunc pro tunc at a subsequent term is a part of the trial; that a party might prosecute an appeal or writ of error from a final judgment entered nunc pro tunc, and that the right to appeal would date from the actual entry of such judgment and not from a judgment procured at a former term, the trial being held to be concluded when judgment is actually entered. Plaintiff concedes such to be the rule. But plaintiff did not prosecute an appeal from such order, nor show that he was prevented from doing so. Instead he filed his petition in another court for review. We are of the opinion that defendant's contention that the petition conclusively showing on its face that, when the contest on entering the judgment nunc pro tunc was determined and was not appealed from, such judgment was final, was res adjudicata to the matters herein pleaded, is a correct statement of the law. If the right to have the judgment of the court entered at such subsequent term was lost by laches, or such judgment was dormant, as submitted by plaintiff, such contention could have been made the basis of an assignment or motion for new trial, in an appeal or writ of error.

Plaintiff submits that the order of dismissal entered, as shown by the record, amounts to a deprivation of property and property rights without due process of law.

■ We have carefully reviewed the record in this case, and it seems to us from what has already been said that the contention is not sustained.

■ Plaintiff has appeared in the case in all of its trials on every issue presented in the courts. He had his opportunity, on the hearing of the motion to have the statement of facts on the vital issue of the dismissal of his cross-action pleading his award by the board, to appeal from the order of the court sustaining the motion, but failed to take an appeal, preferring to file his equitable proceeding of a bill of review, where he had an adequate remedy by appeal; all parties then being before the court, to the exclusion of all other courts, even to the judgment on the award. We conclude that plaintiff has had his day in court and all of his rights, under the Constitution, federal and state.

For reasons stated, we have concluded the petitions in the two consolidated cases were subject to defendant's general demurrer.

The case is affirmed.