### S. M. HENRY ET AL. V. A. A. BOULTER ET AL.

Decided May 30, 1901.

**1.—Appeal—Time Within Which to Take—Entry of Judgment Nunc Pro Tunc.**

Where a party has procured the entry of a judgment nunc pro tunc in the trial .court, the time of the adverse party's right of taking an appeal or writ of error dates from the actual entry of, or perfecting. of, the judgment, and not from the original date of its actual rendition.

**2.—Writ of Error—Service—Acceptance by Attorney in Fact.**

It seems that the authority of a party to accept service of a writ of error for his coplaintiffs is sufficiently made to appear where the written acceptance disclosed that he represented them as attorney in fact, and the record showed that he had so acted for them from the inception of the suit.

**3.—Same—Failure to Serve One Party—Dismissal.**

A motion to dismiss a writ of error must be sustained where one of the parties plaintiff to the judgment sought to be reviewed is not served with the writ, and is a party whose rights would necessarily be affected by the proceeding.

Error from Cherokee.   Tried below before the Hon. Tom C. Davis.

*C. G. White,* for plaintiffs in error.

*Cain & Knox,* for defendants in error.

#### ON MOTION TO DISMISS.

GILL, ASSOCIATE JUSTICE.—Plaintiffs in error filed a motion in the court below asking that a judgment rendered on November 19, 1896, by

said court in the case of A. A. Boulter et al. v. Peter Cook et al. be set aside, and a judgment alleged to have been rendered in said cause on May 11, 1896, but not entered in the minutes of the court, be entered nunc pro tunc.

The defendants in the motion answered, insisting that the judgment sought to be set aside was valid and should remain undisturbed. That no such judgment as the one alleged was in fact rendered in May, 1896. That an order was made on the date last named, dismissing the interveners without prejudice, which order was not in fact entered; and the court was asked to enter that order nunc pro tunc, so that the judgment of November, 1896, might appear to be a complete and final judgment.

The court overruled the motion of plaintiffs in error, and granted the prayer of defendants in the motion. Plaintiffs in error have sought to bring the cause here by writ of error. They are confronted with a motion to dismiss: (1) Because the time within which writ of error will lie from the judgment of November, 1896, has expired, and the action of the lower court in undertaking to enter an order previously made so as to perfect the judgment, did not amount to a rendition of a judgment, but the order entered nunc pro tunc related back to the date when it should have been entered originally. (2) Because one Stovall, who assumed to accept service of the writ for all the plaintiffs, is not shown to have been authorized so to act, and one of the plaintiffs, to wit, Mrs. Mary Bush, is not shown to have been served in any way.

The first ground urged for dismissal is without merit. It is now well settled that where one has procured the entry of a judgment nunc pro tunc, the right of appeal or writ of error dates from the actual entry of or perfecting of the judgment, and not from the date of its actual rendition. Mills v. Paul, 30 S. W. Rep., 242; Bassett v. Mills, 89 Texas, 162.

As to the second reason urged, we are inclined to hold that the authority of Stovall to accept service for his coplaintiffs, for whom he assumed to act, is sufficiently made to appear. The written acceptance declares that he represents them as attorney in fact, and the record shows that he has so acted from the inception of the suit.

It appears, however, that Mrs. Mary Bush, one of the plaintiffs who recovered in the judgment complained of, whose rights would inevitably be affected by a disposition of this writ of error, and who is a necessary party to the writ, has not been served in any way. This omission renders it necessary for us to sustain the motion.

This motion was taken to be considered with the case which has also been submitted. For the reasons given above, the submission is set aside and the writ of error dismissed.

<em>Motion granted. Appeal dismissed.</em>

Writ of error refused.