Mi Palmo v. S. W. Slayden & Company. ·

No. 1548.  Decided May 2, 1906.

**Judgment Nunc Pro Tunc—Statement of Facts—Bills of Exception.**

Where a case was tried and verdict returned, but no judgment entered thereon till a subsequent term of court, when, on motion, judgment was entered nunc pro tunc, the trial was not finally ended till the entry of such judgment, and an appellant therefrom had the right to prepare and have settled a statement of facts at such term, counting the time allowed by statute therefor from the date of entering judgment. Teas v. McDonald, 13 Texas, 349, limited. (Pp. 14–17.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Palmo sued Slayden & Company and had judgment which, on defendant's appeal was reversed and remanded. Appellee procured writ of error on the ground of conflicting decisions.

*J. R. Downs* and *Richard I. Monroe,* for plaintiff in error.—Motion for new trial must be filed in two days after rendition of verdict and determined at the end of the term at which said motion shall be made. Sayles, Rev. Stats., 1373, 1374. Must be disposed of two entire days before adjournment. District Court Rule, 71; Laclede Nat. Bank v. Betterton, 5 Texas Civ. App., 358. Lapses with term. In absence of motion, only errors of law apparent on the record proper can be considered. Western Union Telegraph Co. v. Mitchell, 89 Texas, 411.

Statement of facts and bills of exception must be filed during term of court when case was tried. Osborne v. Prather, 83 Texas, 211; Frost v. Frost, 45 Texas, 339. When statement of facts is not in the transcript, judgment will be affirmed if it is sustainable on any ground. Harris v. Monroe Cattle Co., 84 Texas, 676; Juergens v. Missouri, K. & T. Ry. Co., 16 Texas Civ. App., 452; Anderson v. Walker, 67 S. W. Rep., 432.

*Clark & Bolinger* and *Eugene Williams,* for defendant in error.— The trial had not ended until November 24, 1904, the date of the entry of judgment nunc pro tunc, and until the ending of said trial it was competent for the defendants in error to tender and have signed and filed their bills of exception, statement of facts, etc. Texas Land & Loan Company v. Winter, 93 Texas, 560; Hill v. State, 41 Texas, 253; Gibson v. State, 3 Texas Crim. App., 439; Mapes v. State, 13 Texas Crim. App., 91; Barnhart v. Clark, 59 Texas, 554; Sabine & E. T. Ry. Co. v. Joachimi, 58 Texas, 454; Ennis Mercantile Co. v. Wathen, 93 Texas, 622; Anderson v. Walker, 95 Texas, 596.

BROWN, Associate Justice.—The following statement is sufficient for the solution of the questions presented upon this application:

Mi Palmo sued Slayden & Company upon a contract for the sale of certain lands, and, upon a trial before a jury, obtained a verdict for the sum of $9,508.35, and the judge of the trial court entered upon his

docket the following: "11-13-03. Verdict for plaintiff for $9,508.35." The judge did not make any memorandum upon his docket, or otherwise, of the judgment pronounced by him upon the verdict. The attorneys for the plaintiff in the case made a draft of a judgment and delivered it to the clerk of the court at the time that the verdict was delivered, or soon thereafter, which, however, was never entered upon the minutes of the court. A motion for a new trial was filed at that term; no statement of the facts was prepared, neither was there any order made by the judge allowing any time after adjournment of the court for the making and filing of a statement of facts and bills of exception. The term of court expired on the 19th day of December, 1903. No action was taken in the court with reference to the case until the October term, 1904, when, on the 24th day of October, 1904, Mi Palmo filed a motion in the District Court that the court should enter nunc pro tunc the judgment upon the verdict which was pronounced at the time that it was rendered. This motion was resisted by the defendants but was granted by the court and the judgment was entered in favor of Mi Palmo v. Slayden & Company for the amount of the verdict with interest; to which Slayden & Company excepted and filed a motion for a new trial and in arrest of judgment, which were overruled, whereupon Slayden & Company gave notice of appeal which was perfected in due time. Slayden & Company then prepared a bill of exceptions to the action of the court in entering the judgment nunc pro tunc in which was embodied a statement of the facts, approved at the trial in November, 1903, which was approved by the trial court. The defendants below also filed bills of exception which were reserved at the trial in 1903 but which were not approved until the entry of the judgment nunc pro tunc in 1904. Slayden & Company carried the case to the Court of Civil Appeals, whereupon Palmo made a motion in that court to strike out the statement of facts and bills of exception which had been filed after the entry of the judgment nunc pro tunc, which motion was overruled. The Court of Civil Appeals considered the statement of facts and reversed the judgment of the District Court upon a question which it could not have considered without the statement of facts produced on the trial.

The plaintiff in error presents to this court the proposition that the law does not authorize the making of a statement of facts in this case after the adjournment of the term at which the case was tried and for that reason the Court of Civil Appeals erred in not striking out the statement of facts and in reversing the judgment upon the question on which its reversal depends. The defendants in error present to this court the proposition that the District Court had no power to enter the judgment nunc pro tunc in this case, because there was no memorandum or writing in the records of the District Court of the previous term indicating that the judge of that court had actually pronounced a judgment upon the verdict.

The application for writ of error was granted because of the conflict between the decision of the Court of Civil Appeals in this case and the opinion of the Supreme Court in the case of Teas v. McDonald, 13 Texas, 349. In the case cited the district judge heard the evidence at

one term of the court and, by consent of the attorneys, took the case under advisement until a subsequent term, more than a year from the time of the hearing, and, at the latter term, entered judgment upon the testimony formerly introduced, and then made a statement of the facts to which he certified to the effect, that the statement contained "all the evidence adduced on the trial as well as I recollect it after the lapse of so long a period of time." In passing upon the statement of facts, the Supreme Court said: · "It is well settled that in the absence of a statement of all the facts, this court can not revise the rulings of the court below in giving or refusing instructions. It is evident that the statement in the record can not be received as an authentic statement of the facts, for two reasons. It was not made out and certified to by the judge until a year after the trial, and the certificate does not purport that it certainly contains all the evidence adduced in the case, but only that it is all that the judge can recollect, 'after the lapse of so long a period of time." It is apparent that the learned judge who wrote that opinion did not give to the matter that mature consideration that characterizes his opinions, and we are constrained to believe that the defect in the certificate was the controlling fact in producing the conclusion of the court. We do not consider the case as authoritative upon the question now presented for our decision.

Plaintiff in error contends that the trial court had no authority after the adjournment of the term at which the trial was had, to make up a statement of facts proved at the hearing. ·Article 1379, Revised Statutes, contains this provision: "After the trial of any cause, either party may make out a written statement of the facts given in evidence on the trial, and submit the same to the opposite party, or his attorney, for inspection," etc. It is also provided by an Act of the Twenty-eighth Legislature that, "by an order entered during 'the term, the court may authorize a statement of the facts to be made up in vacation, within twenty days after the adjournment of the term." (Laws 28th Leg., 32.) It is true that without such order, no statement of facts can be made after an adjournment of the term of the court at which the trial is concluded; but the phrase, "after the trial," denoting the time when the statement may be made, is broad enough to embrace the entry of the judgment nunc pro tunc as a part of the trial, justifying the court in making and certifying to the statement of facts after judgment was actually entered. (Hill v. The State, 41 Texas, 255; Sabine & E. T. Ry. Co. v. Joachimi, 58 Texas, 454; Jenks v. The State, 39 Ind., 1.)

Article 1490 of Paschal's Digest contains this provision: "After the trial of any cause, when the party has given notice of appeal, or intends to give notice of appeal, it shall be the duty of the parties respectively to . make out a clear and explicit statement, or bill of the facts given in evidence on the trial of the cause, and to submit the same to the opposite party, or his attorney, for inspection during the term," etc. In Hill v. The State, above cited, that provision of the statute was construed and was held to authorize the trial court, upon entering a judgment at a subsequent term, to make up and certify a statement of the facts in the case. Judge Gould delivering the opinion of the court said: "The statute directs the statement of the facts to be made out and

signed 'during the term at which the trial was had,' but .it also contemplates that judgment be rendered at that term.   The trial may well be held incomplete until all the issues of law as well as of fact have been determined and the final judgment entered.   Until this is done no appeal can be prosecuted."

· Article 1365 prescribes that "any party taking exceptions during the trial shall reduce them to writing and present the bill of exceptions to the judge for his allowance and signature during the term and within ten days after the conclusion of the trial."

· In Railway Company v. Joachimi, before cited, the exceptions were taken at the time of the trial, but the motion for a rehearing was not acted upon for more than ten days after the judgment had been entered, and the objection was made that the bills of exception were not presented within the time prescribed.   This court sustained the bills of exception on the ground that the trial was not concluded until the motion for a new trial was overruled, and Judge Willie for the court said: "The statutory limit is ten days after the conclusion of the trial.   The appellee's counsel construes this to be the date of the rendition of the verdict and judgment.   This may be the ordinary acceptation of the term 'conclusion of a trial,' but we are disposed not to confine it to that time, but to extend it to the date of the entry of the order overruling a motion for a new trial.   We consider that so long as the case stands open for the consideration of the court at the term during which the trial occurs, it can not be considered as concluded."

The construction which the foregoing cases have placed upon the terms of statutes similar to that under consideration, we think, fully justifies the conclusion we have reached, that the entry of judgment nunc pro tunc was a part of the trial of the case, and that after that judgment was entered, the parties had a right to have a statement of facts made up and filed upon which to prosecute their appeal.   This conclusion is strengthened by consideration of the fact that this court has held that an appeal may be prosecuted from a judgment nunc pro tunc, although it may be entered at a subsequent term.   (Henry v. Boulter, 63 S. W. Rep., 1056; Bassett v. Mills, 89 Texas, 162.)   In the first case it was held that a party might prosecute an appeal, or writ of error from a judgment nunc pro tunc, and that the right would date from the actual entry of the judgment and not from the date when the judgment was pronounced at a former term.   It is required that the party who appeals must give notice of appeal within the prescribed time and during the term at which the trial was had, and that the appeal must be perfected by giving bond within the time prescribed; but, under our decisions, the parties may give notice of appeal and may execute bond to secure an appeal after actual entry of the judgment at a term subsequent to that at which the trial was had.   The trial being held to be concluded when judgment is actually entered and therefore that all of the things which are required to be done in order to secure an appeal at the term at which the judgment is entered can be done at that time, it seems that a statement of facts, which is a necessary part of the appeal, might also be made up and signed after the conclusion of the trial by the entry of the judgment nunc pro tunc.   We believe this

to be a fair construction of the statute upon this subject and it is supported by the authorities we have cited and by the reasoning which those authorities suggest.

We conclude that the Court of Civil Appeals did not err in considering the statement of facts, which leads us to an affirmance of the judgment of that court which remanded the case to the District Court for further trial. It is unnecessary for us to consider the question made by the defendant in error as to the validity of the judgment nunc pro tunc.

It is ordered that the judgment of the Court of Civil Appeals be affirmed.

*Judgment of Court of Civil Appeals affirmed.*