## S. W. SLAYDEN & CO. v. PALMO.

(Court of Civil Appeals of Texas. Austin. April 17, 1912. On Motion for Rehearing, Oct. 23, 1912. Rehearing Denied Dec. 4, 1912.)

### On Rehearing.

1. EVIDENCE (§§ 213, 241*)—WITNESSES (§ 379*)—ADMISSIONS.

In an action on contract, evidence that defendant's agent said that he would advise defendant to settle was admissible to disprove an averment in the answer that plaintiff had abandoned his contract, but not to impeach the testimony of the agent or to show an offer to compromise.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–751, 753, 887–892; Dec. Dig. §§ 213, 241;* Witnesses, Cent. Dig. §§ 1209, 1220–1222, 1247–1256; Dec. Dig. § 379.*]

2. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR—EVIDENCE.

Where testimony substantially the same as some complained of was not objected to, a case will not be reversed even if the testimony complained of was not admissible.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

3. APPEAL AND ERROR (§ 1006*)—EVIDENCE—SUCCESSIVE VERDICTS.

Where the jury has given the plaintiff a verdict three times, although the evidence in support thereof is meager, the verdict will be permitted to stand; but the mere fact that there have been three verdicts for plaintiff should not prevent this court from reviewing the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3951–3954; Dec. Dig. § 1006.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by Mi Palmo against S. W. Slayden & Co. Judgment for plaintiff, and defendant appeals. Affirmed.

J. E. Yantis, of San Antonio, and Clark & Clark, of Waco, for appellant. O. L. Stribling and Downs & Webb, all of Waco, for appellee.

KEY, C. J. This case has been before this court several times, and the nature of the suit and the rulings heretofore made can be ascertained by examining 90 S. W. 908, 100 Tex. 13, 92 S. W. 796, and 53 Tex. Civ. App. 227, 117 S. W. 1054. Upon the last appeal this court held that the contract purporting to have been made by S. W. Slayden & Co., and for a breach of which appellee is seeking to recover damages, was not within the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

scope of the partnership business of that company, and was not binding upon S. W. Slayden, against whom recovery was had, unless it could be shown that after it was made S. W. Slayden had ratified the same. The case was reversed and that issue left open for trial; and at another hearing the jury decided it in favor of Palmo and against S. W. Slayden, and the latter has appealed.

While a number of other questions have been presented in appellant's brief and received consideration at our hands, we are of opinion that none of the assignments point out reversible error, except the nineteenth and twentieth, and those which challenge the verdict as being contrary to the great weight and preponderance of the evidence. The bill of exception copied in appellant's brief under the nineteenth assignment of error shows that, in overruling an objection which appellants had made to a question propounded to the plaintiff while testifying in his own behalf, the trial judge used the following language in the presence of the jury: "The court is of the opinion that all the facts and circumstances surrounding this contract can be proven, and surrounding the making of the contract sued upon, and also the making of the contract with Rowland. There was such a trade relation existing between Palmo and Slayden or Slayden and Palmo as renders it necessary, in order for the court and jury to understand and determine this case according to its true merits, to understand all those facts, and they will be taken by the jury and considered by them in arriving at what were the true facts in regard to it, and the court will not limit at all the evidence to what is stated simply in those contracts. All these surrounding circumstances, the facts and circumstances leading up to it, and the purposes of the party or parties, and with what view the Rowland contract was made and was attempted to be carried through, I think can be shown. It is one of the issues in this case, and that very purpose is one of the issues in this case. If it was one way the effect of it would be different than it was if it was another, and it is for the jury to determine, and without the facts they cannot determine which way it was."

The bill shows that appellant's counsel excepted to that portion of the judge's remarks in which he stated in the presence of the jury, that there was "a trade relation existing between the plaintiff and the defendant," and that exception constitutes the basis of the nineteenth assignment of error; and, in view of the long line of decisions by our Supreme Court, we feel constrained to sustain appellant's contention, and hold that all the statement referred to constitutes reversible error. We have a statute which prohibits a trial judge from commenting upon the weight of testimony in charging the jury; and, on account of that statute, our Supreme Court has held that it is reversible error for a trial judge to in any manner state or intimate to the jury his opinion as to how any controverted issue should be decided, or the weight that should be given to any testimony bearing upon such issue. In the case at bar this court had held that appellee had no case, unless he could show that appellant had ratified or adopted the contract sued on, and that he was endeavoring to do at the last trial; and no doubt appellant's counsel were then contending in that court, as they are now contending in this court, that the plaintiff had failed to make such proof, and therefore, in view of the line of decisions referred to, we hold that it was error for the trial court to make the statement complained of in reference to a trade relation existing between Palmo and Slayden.

By the twentieth assignment appellant complains of the ruling of the trial court in permitting Judge Richard I. Munroe, while testifying for appellee, to state that one Lastinger had told him that he would advise appellant to accept the witness' offer to settle the matter in controversy in the manner suggested by the witness. Conceding that Lastinger was appellant's agent in many other respects, the evidence fails to disclose that he had any authority to ratify the contract here sued on, or to accept the proposition submitted to him by the witness, and therefore the court erred in permitting Judge Munroe to state what he said he would advise appellant to do. The result was that, over the defendant's objection, the plaintiff got before the jury evidence to the effect that the defendant's agent Lastinger had recognized the fact that the plaintiff's claim was meritorious, and had advised the defendant to accept a proposition submitted by the plaintiff's counsel for a settlement. Ratification results alone from what has been done or said by the person sought to be held liable, and not from what has been done or said by an agent of such person, unless, by the terms of his agency, such agent has authority to ratify, which was not shown in this case. Hence we hold that the evidence referred to was not admissible, and that it was harmful to appellant is quite obvious. In fact, it formed the basis for an appeal and argument to the jury which may account for a verdict which otherwise appears to be contrary to the great weight of the evidence.

It is insisted on behalf of appellant that the verdict in appellee's favor is not supported by the testimony, and that this court should reverse and render judgment for appellant. The evidence tending to show ratification is meager and unsatisfactory, but we have reached the conclusion that the case should be reversed and remanded for an-

other trial in the court below, and it is so ordered.

Reversed and remanded.

### On Motion for Rehearing.

This case was reversed at the last term of this court, and appellee's motion for rehearing was brought over to this term; and, after careful consideration, we have reached the conclusion that the former judgment of this court is wrong, and that the case should be affirmed. As shown by our former opinion, the case was reversed upon two questions of law, which were: First, error of the trial judge in stating in the presence of the jury, while ruling upon the admissibility of certain testimony, that there was a trade relation existing between the plaintiff and the defendant; and, second, in overruling objections to testimony given by Judge Munroe to the effect that appellant's agent Lastinger had told him that he would advise appellant to accept Judge Munroe's offer to settle the matter in controversy in the manner suggested. Undisputed testimony coming from witnesses on both sides shows that at the time of the transaction in question business relations had existed between appellee and appellant for a long time, and therefore the remarks made by the judge and complained of by appellant were not calculated to prejudice the latter and the making of such remarks did not constitute reversible error.

[1] As to the testimony of Judge Munroe, appellant alleged in his answer that appellee abandoned the contract, and it may be that the testimony was admissible for the purpose of disproving that averment. According to the bill of exception, the only objection made in the court below to the testimony was that of immateriality, for the reason that the expression of an opinion by an agent cannot be used for the purpose of impeachment, if offered as contradictory testimony. Lastinger testified that he had no recollection of making the statement testified to by Judge Munroe, but he did not deny that he had made such statement, and it does not appear from the record that the testimony was offered for the purpose of impeachment. If Lastinger was appellant's agent and had plenary powers including authority to act for appellant in the particular matter, the testimony was admissible because it tended to show an admission by an authorized agent, unless obnoxious to the objection that it tended to prove an offer or willingness to compromise, which objection was not made. We cannot hold that the testimony was immaterial, and that seems to be the only objection that was urged against it.

[2] Furthermore, testimony substantially the same as that complained of was given by appellee, Palmo, and was not objected to by appellant, and for that reason the case should not be reversed, even if Judge Munroe's testimony was not admissible. Appellee testified: "I went to Mr. Lastinger with reference to this contract, and Judge Munroe said, 'Why don't you kinder get this matter straight, Mr. Lastinger?' Mr. Lastinger spoke and said, 'Well, it ought to be settled.' Judge, he said, 'Well, why don't you settle it?' 'Well,' he said, 'I don't know. I am going to write to Mr. Slayden and make him settle it.'" We perceive no difference in substance between the testimony of Judge Munroe that was objected to and the testimony given by appellee that was not objected to, and, as Lastinger did not deny making the statement, we hold that the case should not be reversed on account of the admission of Judge Munroe's testimony.

[3] We have also reconsidered the testimony bearing upon the merits of the case, and while that tending to support the verdict is not entirely satisfactory, as reflected by the statement of facts, we cannot hold that there is no testimony to support the verdict. In order to find for the plaintiff, the court's charge required the jury to find that appellant had ratified the contract sued upon. There was some testimony, and especially that given by the plaintiff while on the stand as a witness, tending to show that the defendant Slayden in person had ratified and adopted the contract. There was also testimony tending to show that W. H. Lastinger was Slayden's agent with plenary powers, and that acting as such agent he had ratified and adopted the contract for Slayden. This is the third time that the jury has rendered a verdict in favor of appellee, and therefore, although the testimony in support of the verdict seems meager and unsatisfactory, nevertheless, being the third verdict to the same effect, and the trial judge having refused to set it aside, we think it should be permitted to stand, and thereby terminate the litigation.

For the reasons stated, and in deference to the finding of the jury, we hold that the verdict is supported by testimony; but before leaving this subject we deem it proper to say that we cannot agree with the apparent contention of appellee's counsel that, because this is the third verdict in appellee's favor, it should not be reviewed by this court, no matter what testimony may or may not have been presented to the jury. In support of that contention, counsel for appellee attribute to the Supreme Court a statement in the syllabus in Duggan v. Cole, 2 Tex. 396, which reads: "A second verdict will not be set aside as being contrary to and unsupported by the evidence after a motion for a new trial upon that ground has been refused in the court below, notwithstanding this court cannot perceive upon what evidence the jury found their verdict." The first opinion in that case was written by Mr. Justice Lipscomb, and he stated that if the witnesses did not directly contradict each other they swore to facts from which

very opposite conclusions might justly have been drawn, and for that reason the Supreme Court could neither say the verdict was without testimony or that it was contrary to evidence. The opinion on the motion for rehearing was written by Mr. Justice Wheeler, and in reference to the verdict he said: "I confess my inability very clearly to see upon what evidence the jury did arrive at the exact result which constitutes their verdict. But I cannot undertake to say that they found without or against evidence. I can only say that, to my mind, the evidence is unsatisfactory. Since, however, it has been sufficient to satisfy two juries, and especially since the judge who presided at the trial, with means of forming a correct judgment very superior to those which we possess, was satisfied with the verdict, I cannot undertake to disturb it."

Hence it appears from a reading of the opinions that the Supreme Court did not go to the extent indicated by the syllabus in that case, nor did the court use the language attributed to Judge Wheeler by counsel for appellee in their motion for rehearing. We presume counsel accepted the syllabus as correct, and felt justified in attributing its language to Judge Wheeler; but in that respect they were mistaken.

For the reasons above stated, the judgment rendered by this court at its last term, reversing the case, is set aside, and the judgment of the court below is affirmed.

Rehearing granted, and judgment affirmed.