**COOPER v. CARTER et ux. (No. 8572.)**

(Court of Civil Appeals of Texas. Dallas. June 18, 1921. Rehearing Denied Oct. 15, 1921.)

**1. Appeal and error ⊚⇒387(4)—Appeal bond held prematurely filed.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, an appeal bond filed before the entry of a judgment is ineffective to perfect an appeal from such judgment entered nunc pro tunc at a later term of the court.

**2. Appeal and error ⊚⇒387(4)—Appeal bond not to be filed until after entry of judgment.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, no appeal from a final judgment can be perfected by the filing of an appeal bond until after the entry of such judgment.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Suit by C. H. Cooper against J. Mercer Carter and wife. Verdict for defendants, plaintiff's motion for new trial overruled, and plaintiff appeals. Appeal dismissed.

Parks & Hall, of Dallas, for appellant. Allen Charlton, of Dallas, for appellees.

TALBOT, J. The appellant, C. H. Cooper, brought this suit against J. Mercer Carter and his wife, Emma Carter, to recover an undivided one-half interest in all lands and tenements described in the appellant's petition, alleging, in substance, that said lands and tenements have been purchased by the defendants with partnership money of the appellant and J. Mercer Carter, that said lands had been conveyed either to J. Mercer Carter or Emma Carter, and that a "resulting or constructive trust existed in favor

of the appellant in the title to an undivided one-half interest in said lands and tenements," and prayed judgment for such interest. Appellant also prayed in the alternative that, in the event he did not recover his alleged interest in the lands and tenements, he have judgment against the appellees, J. Mercer Carter and Emma Carter, in the sum of $17,500, with interest. On March 16, 1916, the appellant filed a trial amendment slightly amplifying his petition. On January 21, 1920, the death of J. Mercer Carter was suggested and all his heirs were made parties to the suit. On May 28, 1920, a trial was had, and at the close of the evidence the court instructed the jury to return a verdict in favor of the appellees, which was done, but judgment in accordance therewith was not then entered. The May term, 1920, of the district court expired August 31, 1920. On May 29, 1920, the appellant filed a motion for a new trial, which on September 2, 1920, was, before the entry of any judgment, overruled, and the appellant gave notice of appeal to this court. On September 22, 1920, and before the entry of judgment, the appellant filed an appeal bond in terms of the statute. On December 3, 1920, the court made an order directing that judgment be entered in accordance with the verdict of the jury returned May 28, 1920, no judgment whatever having theretofore been entered. No notice of appeal from the final judgment of the court thus rendered was given, and no appeal bond other than the one filed September 22, 1920, was given or filed.

[1, 2] The appellees contend that this appeal should be dismissed because: (1) "An appeal bond filed before the entry of a judgment is ineffective to perfect an appeal from such judgment entered nunc pro tunc at a later term of the court; and (2) that no appeal from a final judgment can be perfected by the filing of an appeal bond until after the entry of such judgment." These contentions are supported by authorities of this state and must be sustained. The decisions of this state upon the question are to the effect that an appeal from a judgment cannot be prosecuted until the judgment has been actually entered. By the terms of the statute the right of appeal is conferred when the party appealing gives notice thereof and files with the clerk of the trial court an appeal bond as required by law. Article 2084, Vernon's Sayles' Civil Statute. The record before us shows that the instant case was tried and verdict returned at the May term, 1920, of the court; that a motion for new trial was filed at that term, but was not acted on until the 2d day of September, 1920, after the expiration of the May term, when it was overruled, and that an appeal bond was not filed until September 22, 1920, more than 20 days after the expiration of the May term, 1920. Thus it appears that a motion for a new trial was not made nor was notice of appeal given in this case until after the expiration of the term of court at which the judgment was rendered, and that the appeal bond was not filed until after the expiration of the time allowed for filing such bond to perfect an appeal, and hence conferred no jurisdiction on this court. But, aside from this, it is statutory in this state that only one final judgment may be rendered in a cause, and, since the judgment attempted to be appealed from in this case was not entered until after the appeal bond relied on to perfect the appeal had been filed, the judgment was not "legally effective for review by appeal." It is true that the actual entry of a judgment final in form may, under proper proceedings, be by a nunc pro tunc order which renders the judgment legally effective; yet it has been held that in such instances the right of appeal begins from the date of the entry of such order. Railway Company v. Atlantic Fruit Distributors et al., 184 S. W. 294; Trotti v. Kinnear, 144 S. W. 326; Partridge v. Wooten, 63 Tex. Civ. App. 280, 137 S. W. 412; S. W. Slayden & Co. v. Palmo, 90 S. W. 908. The appellant's right of review beginning, as it does, only at the date of the entry of the judgment under the nunc pro tunc order, and there being no notice of appeal given from the judgment thus entered, and no appeal bond being thereafter filed, no appeal from said judgment was perfected, and we are without authority to entertain jurisdiction of the attempted appeal brought before us, and the same must be dismissed.

It is therefore ordered that this appeal be dismissed at the appellant's costs.