### STINNETT v. DUDLEY. (No. 10.)

(Court of Civil Appeals of Texas. Eastland. Nov. 13, 1925.)

1. **Appeal and error ⚖=134(1)—Appeal will not lie from judgment until it is entered of record.**

Appeal will not lie from judgment until it is entered of record.

2. **Appeal and error ⚖=373(1)—Court of Civil Appeals acquires no jurisdiction, where appeal bond is not filed.**

Where an appeal bond is not filed, as required by Rev. St. art. 2084, the Court of Civil Appeals acquires no jurisdiction, and is without power to acquire it.

3. **Appeal and error ⚖=387(6)—Filing of appeal bond before entry of judgment of record nunc pro tunc held not to confer jurisdiction on Court of Civil Appeals.**

Where judgment was not entered at the term in which it was rendered, but was entered nunc pro tunc at a later term, an appeal bond, filed before such judgment was entered of record, did not confer jurisdiction on the Court of Civil Appeals.

---

Appeal from Eastland County Court at Law; Joe H. Jones, Judge.

Action between R. J. Stinnett and Minnie H. Dudley. From an adverse judgment, the first-named party appeals. Appeal dismissed.

Turner, Seaberry & Springer, of Eastland, and D. T. Bowles, of Breckenridge, for appellant.

Grisham Bros., of Eastland, for appellee.

LITTLER, J. This cause was tried at the May term, 1924, which term adjourned July 14, 1924. Judgment was not entered in the case at said term. On August 30, 1924, the court entered its judgment of record nunc pro tunc. In this nunc pro tunc judgment notice of appeal was given. Appeal bond was filed July 29, 1924, prior to entry of judgment and notice of appeal. No notice of appeal, other than that of August 30, appears. This last statement is made only for the purpose of showing the state of the record and is not material.

[1] It is well settled that an appeal will not lie from a judgment until entered of record. New Birmingham, etc., Co. v. Blevens, 12 Tex. Civ. App. 410, 34 S. W. 828; T. & N. O. Ry. Co. v. Texas, etc., Co., 50 Tex. Civ. App. 182, 110 S. W. 140.

[2] An unbroken line of authorities declare that, where an appeal bond is not filed, as required by article 2084, R. S. Civil Statutes, the Court of Civil Appeals acquires no jurisdiction, and is without power to acquire it. White v. Day (Tex. Civ. App.) 230 S. W. 843; authorities cited in Texas-Southwestern Digest, vol. 1, p. 921, § 387 (1).

[3] It follows that, where judgment is not entered at term in which rendered, but is entered "nunc pro tunc" at a later term, an appeal bond, filed before judgment is entered of record, does not confer jurisdiction on Court of Civil Appeals. Cooper v. Carter (Tex. Civ. App.) 233 S. W. 1020. The case last cited is on all fours with the one at bar, and, this court being without jurisdiction, the appeal is dismissed, with cost against appellant.