## SHIELDS v. AMICABLE LIFE INS. CO.
### (No. 420.)

(Court of Civil Appeals of Texas. Waco. Oct. 21, 1926.)

**Appeal and error** ⊛134(1).

Where appellant filed appeal bond before judgment nunc pro tunc was entered, Court of Civil Appeals did not have jurisdiction, since appeal will not lie until judgment is actually rendered.

Appeal from McLennan County Court, Jas. R. Jenkins, Judge.

Action by I. O. Shields, trustee, against the Amicable Life Insurance Company. From a judgment for defendant, plaintiff appeals. Appeal dismissed.

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Anderson & Mobley, of San Angelo, for appellant.

Williams, Williams, McClellan & Lincoln, of Waco, for appellee.

BARCUS, J. This cause was tried before the court on November 3, 1925, and the court adjourned for the term on December 19th. Judgment was not entered at the November term of court, and on January 22, 1926, the court entered judgment for appellee, who was defendant in the trial court, nunc pro tunc as of date November 3, 1925. From this judgment appellant gave due notice of appeal. On January 8, 1925, some two weeks before the judgment nunc pro tunc was entered, appellant filed his appeal bond. Our courts have uniformly held that an appeal will not lie until the judgment is actually rendered, and that the time for appeal from a judgment entered nunc pro tunc begins from the actual entry thereof. Slayden & Co. v. Palmo (Tex. Civ. App.) 90 S. W. 908; Palmo v. Slayden & Co., 100 Tex. 13, 92 S. W. 796; Trotti v. Kinnear (Tex. Civ. App.) 144 S. W. 326. Where an appeal is taken from a judgment entered nunc pro tunc, an appeal bond filed before said judgment is entered of record does not confer jurisdiction on the Court of Civil Appeals. Cooper v. Carter (Tex. Civ. App.) 233 S. W. 1020; Stinnett v. Dudley (Tex. Civ. App.) 277 S. W. 801. It appearing from the record that the appeal bond in this case was filed before the judgment was entered nunc pro tunc on January 22d, same conferred no jurisdiction on this court.

The appeal is dismissed for want of jurisdiction.