### GILMORE et al. v. LADELL et al.
### No. 10911.

Court of Civil Appeals of Texas. Dallas.
Dec. 20, 1930.

Rehearing Denied Jan. 24, 1931.

E. G. Senter and Walter Van Nort, both of Dallas, for appellants.

Church, Read & Bane, of Dallas, for appellees.

LOONEY, J.

Appellants' motion for a new trial was overruled in the court below on July 23, 1930, the order was not entered on the minutes until September 11, 1930, but on August 21, 1930, appellants attempted to perfect an appeal in forma pauperis. This attempt, however, was abortive, because the case was not ripe for appeal until the order overruling the motion was in fact entered upon the minutes. Speaking of a situation presented in Texas, etc., Co. v. Texas T. & L. Co., 50 Tex. Civ. App. 182, 110 S. W. 140, 142, such as we have here, Judge Pleasants said: "The appeal was not perfected within the prescribed time from the original rendition of the judgment. Appellant could not have sustained an appeal from a judgment which the record did not show to have been entered, and therefore was not required to perfect its appeal until the judgment was entered. So long as the judgment remained unentered there was no necessity of an appeal, and it seems to be settled that in such case the

right of appeal dates from the entry of the judgment." To the same effect see Lane v. Ellinger, 32 Tex. 370; Bassett v. Mills, 89 Tex. 162, 34 S. W. 93; Palmo v. Slayden, 100 Tex. 13, 92 S. W. 796; Henry v. Boulter, 26 Tex. Civ. App. 387, 63 S. W. 1056; Trotti v. Kinnear (Tex. Civ. App.) 144 S. W. 326, 328; Stinnett v. Dudley (Tex. Civ. App.) 277 S. W. 801; Shields v. Amicable, etc., Co. (Tex. Civ. App.) 287 S. W. 293; Burnette v. Miracle (Tex. Civ. App.) 295 S. W. 214.

The attempt made on August 21, 1930, to perfect appeal in forma pauperis, prior to the entry on the minutes of the order overruling the motion for a new trial, which contained notice of appeal, was premature and ineffectual. In Cooper v. Carter, 233 S. W. 1020, 1021, Judge Talbot for this court said: "* * * And, since the judgment attempted to be appealed from in this case was not entered until after the appeal bond relied on to perfect the appeal had been filed, the judgment was not 'legally effective for review by appeal.'" Also see Stinnett v. Dudley (Tex. Civ. App.) 277 S. W. 801; Shields v. Amicable, etc., Co. (Tex. Civ. App.) 287 S. W. 293; Burnette v. Miracle (Tex. Civ. App.) 295 S. W. 214.

If the case, however, had been appealable when the order overruling the motion for new trial was made, the filing by appellants of the affidavit in lieu of bond more than twenty days after the order was not in compliance with the statute, would not have perfected the appeal, nor given this court jurisdiction. See article 2253, R. S. 1925 (as amended by Acts 40th Leg. [1927], c. 15, § 1 [Vernon's Ann. Civ. St. art. 2253]); Snider v. Dallas, etc., Co. (Tex. Civ. App.) 25 S. W.(2d) 878.

Appellants contend, however, that their right to appeal in forma pauperis having been determined by the judge within six months from March 5, 1930, the date of entry of judgment, their right to appeal by writ of error was perfected; they say: "Plaintiffs (appellants) were then attempting to perfect their appeal and would of course have the privilege of doing so either by writ of error or by appeal as the circumstances required. They had their own option and when they filed their affidavit in lieu of cost bond they were not required to say on that application whether they proposed to appeal by writ of error or otherwise."

We cannot accept this view, the statute provides that a party desiring to sue out a writ of error in a case where the same is allowed shall, within six months after final judgment, file, with the clerk of the court in which the judgment was rendered, a written petition, containing the names and residences of all parties adversely interested, describing the judgment, stating that he desires to re-move the same to the Court of Civil Appeals for revision and correction, and shall at the same time file with the clerk a writ of error bond or affidavit in lieu. See articles 2256, 2257, and 2258 R. S. 1925.

Appellants did but one of these essential things, that is, filed an affidavit in lieu of bond, but it is obvious that this was done with the view of bringing the case up by direct appeal and not by writ of error.

We regret that we have not been able to find a ground on which the jurisdiction of this court can be sustained; therefore the appeal must be dismissed.

Dismissed.