### WORD et al. v. WORD et al.
### No. 8728.

Court of Civil Appeals of Texas. San Antonio.

Feb. 3, 1932.

Rehearing Denied March 2, 1932.

W. A. Wright, C. G. Russell, and C. H. Tupper, all of San Angelo, for appellants.

Upton & Upton, of San Angelo, Morriss & Morriss and Reed Cozart, all of San Antonio, James Cornell, of San Angelo, L. W. Elliott, of Sonora, and Robt. G. Hughes, of San Angelo, for appellees.

SMITH, J.

The jurisdiction of this court is challenged in a motion of appellees to dismiss the appeal. The cause was tried to a jury. At the conclusion of the evidence, the trial judge directed the jury to return a verdict in favor of the defendants below, appellees here, and against plaintiffs below, appellants here.

To this action of the court in directing a verdict against them appellants then and there in open court excepted, and gave notice of appeal therefrom to this Court.

In response to the verdict returned by the jury in obedience to the peremptory instruction, the court thereafter, although on the same day, rendered judgment denying recovery to the plaintiffs. No exception was taken to said judgment, nor notice of appeal given therefrom.

In short, appellants excepted to the action of the court in directing a verdict, and gave notice of appeal from that action, but did not except to or give notice of appeal from the final judgment rendered in the cause. No motion for new trial was filed.

We have reached the conclusion that upon this record this court has no jurisdiction of the cause, and must therefore dismiss the appeal.

It is an elemental rule that appeals will lie only from final judgments. To authorize an appeal, there must be a final judgment, and in Texas exceptions and notice of appeal must be directed to such judgment as a predicate to the prosecution of the appeal.

▮ The only exceptions to this rule authorizing appeals from rulings or orders less than final judgments—interlocutory orders, such as in cases of injunction, receivership, pleas of privilege, and the like—are expressly provided for by statute. In all other causes, such as this, an appeal will lie only from a final judgment disposing of the whole cause.

The action of the court upon a general demurrer, for instance, is not such a ruling as will authorize an appeal, although such ruling usually foretells the nature and becomes the basis of the ultimate and final judgment to

be rendered in the case, just as the action of the court in giving a peremptory instruction in favor of one and against the other party on the whole case indicates the nature and effect of the final judgment to be rendered. Appeal will lie only from a judgment of dismissal in consequence of the ruling sustaining the general demurrer.

Nor does the action of the court in denying or granting a motion for judgment after verdict upon the whole case constitute such a ruling as will authorize an appeal (Waggoner v. Gear [Tex. Civ. App.] 249 S. W. 326), although such ruling just as effectually foretells the nature and effect of the final judgment to be rendered as would a peremptory instruction upon the whole case. In case of denial or granting of a motion for judgment, an appeal will lie only from the final judgment rendered in pursuance of the ruling upon such motion.

The language of the statute (article 2253, as amended by Acts 1927, 40th Leg., § 1, c. 15, p. 21 [Vernon's Ann. Civ. St. art. 2253]), prescribing the requisites of an appeal, is as follows: "An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellant giving notice of appeal in open court within two days *after* final judgment, or two days *after* judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond. * * *" (Italics ours.)

■ It is obvious from this language that exceptions and notice of appeal must be made to, and therefore after, the final judgment rendered in a cause, and that exceptions and notice made before rendition of the final judgment, and directed at an intermediate ruling, such as a peremptory instruction, cannot constitute an appeal from such final judgment.

The rule and the reasons therefor are well stated in section 83, Elliott's Appellate Procedure, as follows: "No order is final in such a sense as to constitute a final judgment unless it disposes of the main case so far as there is power in the trial court to decide upon the questions presented by the issues, no matter how clearly and decisively the order may indicate what the ultimate judgment will be. Until there is an ultimate judgment the case is not finally disposed of inasmuch as the trial court may change its rulings, award a venire de novo, grant a new trial, or make some such order, notwithstanding the fact that in other rulings it may have clearly manifested a purpose to carry its rulings into the ultimate judgment or decree. A decretal order although interlocutory in its nature may, of course, be carried forward and embodied in a final decree and thus become an essential part of that decree, but until it is so embodied in the final decree no appeal will lie. The rule that no matter how decisive may seem the ruling of the trial court it is not a final judgment, is well illustrated by the cases in which rulings were made denying a motion for a judgment on a special verdict or on the answers of a jury to special interrogatories, for such a ruling is seemingly as clearly indicative of what the final judgment will be, as it is possible for any order to be, except, of course, the ultimate judgment itself."

The rule stated has been thoroughly established in this state. Trotti v. Kinnear (Tex. Civ. App.) 144 S. W. 326; Gilmore v. Ladell (Tex. Civ. App.) 34 S.W.(2d) 919; Bartlett v. Buckner (Tex. Civ. App.) 295 S. W. 214; Waggoner v. Gear (Tex. Civ. App.) 249 S. W. 326; Shields v. Ins. Co. (Tex. Civ. App.) 287 S. W. 293. The rule is well exemplified in a decision of the Supreme Court of Wyoming in Hahn v. Bank, 25 Wyo. 467, 171 P. 889, 172 P. 705.

Appellees' motion is granted, and the appeal dismissed.