### REED et al. v. ARNOLD et al.

### No. 9991.

Court of Civil Appeals of Texas. San Antonio.

April 7, 1937.

Wade & Wade, of Beeville, for appellant.

Claude Westerfeld, of Dallas, and O. Kennedy, of Beeville, for appellees.

MURRAY, Justice.

Appellees have filed a motion to dismiss this appeal upon the grounds that the transcript in this appeal was not filed in this court within the 60 days allowed by article 1839, R.S.1925, as amended by recent acts (Vernon's Ann.Civ.St. art. 1839), and no good cause shown why such transcript could not have been filed within that period.

Appellant filed a motion for an extension of time for filing the transcript within the time permitted by article 1839, as amended, and same was granted by this court.

Appellees contend that a fraud was perpetrated upon this court, in that the reasons set forth in that motion were not true, and in fact there was no reason, other than the neglect of appellant and her attorneys, why the transcript, which consists of twenty-seven pages, could not have been filed within the 60-day period.

Appellant, in her reply to this motion, has pointed out that, while the judgment was rendered on December 2, 1935, it was not reduced to writing and filed with the clerk until December 16, 1935, and could not have been recorded in the minutes prior to that date. The transcript having been tendered to this court on February 4, 1936, such tender was made within the 60-day period from the recording of the judgment, which is all that is required by said article 1839.

This, however, brings us face to face with the fact that appellant filed her affidavit in lieu of a cost bond on December 14, 1935, which was at least 2 days before the recording of the judgment. It is settled law in this state that, where a cost bond or affidavit in lieu thereof is filed before the recording of the final judgment, the same is prematurely filed and is insufficient to confer jurisdiction upon the Court of Civil Appeals. Lane v. Ellinger, 32 Tex. 369, 370; Bassett v. Mills, 89 Tex. 162, 34 S.W. 93; Palmo v. Slayden & Co., 100 Tex. 13, 92 S.W. 796; Henry v. Boul-

ter, 26 Tex.Civ.App. 387, 63 S.W. 1056; Trotti v. Kinnear (Tex.Civ.App.) 144 S. W. 326; Earnest v. Couch (Tex.Civ.App.) 66 S.W.(2d) 483; Owen W. Kilday v. Alamo Post No. 2 (Tex.Civ.App.) 65 S.W. (2d) 429; Gilmore v. Ladell (Tex.Civ. App.) 34 S.W.(2d) 919 (writ refused); Cooper v. Carter (Tex.Civ.App.) 233 S.W. 1020; Stinnett v. Dudley (Tex.Civ.App.) 277 S.W. 801; Burnette v. Miracle (Tex. Civ.App.) 295 S.W. 214; Burris v. Myers (Tex.Civ.App.) 49 S.W.(2d) 930; Brinkley v. State (Tex.Civ.App.) 49 S.W.(2d) 516; Swanson v. Holt (Tex.Civ.App.) 56 S.W.(2d) 266.

See, also, United States Cold Storage Co. v. J. C. Richards (Tex.Civ.App. writ granted) 99 S.W.(2d) 697.

Appellees' motion to dismiss this appeal is granted, and, accordingly, the appeal will be dismissed at cost of appellant.