JAMES C. JONES ET AL V. M. A. KUHN ET UX.

No. 7881. Decided April 22, 1942.
Rehearing overruled May 13, 1942.
(161 S. W., 2d Series, 778.)

*Gerald C. Mann*, Attorney General, *Morris Hodges* and *Geo. W. Barcus, Caven & Caven* and *Abney & Abney*, all of Marshall, for plaintiffs in error.

The Court of Civil Appeals should have dismissed the appeal. Sigler v. Realty Bond Co., 135 Texas 76, 138 S. W. (2d) 537; Cleburne National Bank v. Bowers, 130 Texas 637, 112 S. W. (2d) 717; Reed v. Arnold, 103 S. W. (2d) 1100; 3 Tex. Jur. 109.

*I. C. Underwood*, of Marshall, for defendant in error.

The Court of Civil Appeals rendered the correct and proper judgment. Coleman v. Zapp, 105 Texas 491, 151 S. W. 1040; O'Neil v. Martin, 33 S. W. (2d) 733; 3 Tex. Jur. sections 664, 667, 687 and 696.

MR. JUDGE SLATTON delivered the opinion of the Commission of Appeals, Section B.

M. A. Kuhn and wife filed suit against Palo Duro Corporation, W. T. Taylor, James C. Jones and A. T. Brannon to recover damages.

A jury trial resulted in a judgment in favor of Palo Duro Corporation, a corporation, W. T. Taylor and James C. Jones and against M. A. Kuhn and wife. The judgment did not dispose of A. T. Brannon. An appeal was perfected from this judgment to the Court of Civil Appeals at Texarkana by M. A. Kuhn and wife. The appeal bond was filed on the 10th day of January, 1940. Upon motion the Court of Civil Appeals, on the 20th day of March, 1941, dismissed the appeal on the ground that the judgment was not final in that such judgment did not dispose of a party, towit, A. T. Brannon. No appeal was prosecuted from that ruling. M. A. Kuhn and wife sought and obtained the entry in the trial court of a judgment alike in all material respects to the one above described, except that A. T. Brannon was dismissed from the cause. It recited:

"This judgment is entered nunc pro tunc for the purpose of correcting the record, this 29th day of March, A. D. 1941."

No appeal bond was filed after the entry of the last mentioned judgment. The last mentioned judgment was presented to the Court of Civil Appeals by motion and supplemental transcript to correct the record. The Court of Civil Appeals, over the objection of Jones et al, reinstated the appeal of M. A. Kuhn and wife and upon the merits reversed the judgment of the trial court and remanded the cause for another trial. Kuhn v. Palo Duro Corp., 151 S. W. (2d) 894. This court granted a writ of error.

This case is ruled by the decision of the Supreme Court in the case of Davis v. McCray Refrigerator Sales Corp., 136 Texas 296, 150 S. W. (2d) 377. In that case it is said:

"It is well settled in this State that when a judgment is pronounced at one term and not entered of record at that term but is entered nunc pro tunc at the succeeding term, the right of appeal from such nunc pro tunc order dates from the entry thereof. Peurifoy v. Wiebusch, 125 Texas 207, 82 S. W. (2d) 624, par. 1, and authorities there cited; Partridge v. Wooton, 63 Texas Civ. App. 280, 137 S. W. 412, 414. It is also well settled that an appeal bond filed at a previous term of court, and prior to the entry of the nunc pro tunc order at a subsequent term of court, is premature and ineffective to perfect an appeal from such nunc pro tunc order. Cooper v. Carter, Tex. Civ. App., 233 S. W. 1020; Burnette v. Miracle, Tex. Civ. App. 295 S. W. 214; Gilmore v. Ladell, Tex. Civ. App., 34 S. W. (2d) 919; Stinnett v. Dudley, Tex. Civ. App., 277 S. W. 801; Shields v. Amicable Life Insurance Co., Tex. Civ. App., 287 S. W. 293; Panhandle Construction Co. v. Lindsey, 123 Texas, 613, 72 S. W. (2d) 1068; Texas & N. O. Ry. Co. v. Texas Tram & Lumber Co., 50 Texas Civ. App. 182, 110 S. W. 140, par. 1."

The judgment of the Court of Civil Appeals is reversed and the appeal is dismissed.

Opinion adopted by the Supreme Court April 22, 1942.

Rehearing overruled May 13, 1942.