### BELL v. STEPHENSON et al.
### No. 11501.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 26, 1945.

See, also, 187 S.W.2d 153.

E. A. McDaniel, of McAllen, for appellant.

Strickland, Ewers & Wilkens and Magus Smith, Jr., all of Mission, for appellees.

PER CURIAM.

Appellant has tendered two copies of his brief herein which will be filed. He also presents a motion praying that the submission of this cause be postponed for thirty days and that the time for filing the briefs of appellant and appellees be extended for a corresponding length of time. It is evidently appellant's purpose to prepare a further brief and substitute the same for the brief this day filed. It is recited in the motion that findings of fact and conclusions of law were requested of the trial judge, but that the same had not been prepared by the trial judge so that they might be included in the transcript. It is further recited that appellant intends to bring these findings and conclusions to this Court by certiorari. Appellant apparently desires to brief his case from the standpoint of findings of fact and conclusions of law made by the trial court.

The transcript before us discloses that final judgment in this cause was entered on October 28, 1944. No motion for an extension of time for filing the transcript in this Court was made, consequently, the time for filing the transcript with the clerk of this Court was fixed by Rule 386, Texas Rules of Civil Procedure, as being "within sixty days from the final judgment," as no motion for new trial was filed in this cause, that is, on December 27, 1944, at which time the transcript was actually filed in this Court.

Rule 297, Rules of Civil Procedure, provides that when requested to do so, the trial judge shall prepare his findings of fact and conclusions of law thirty days before the time for filing the transcript. "If he shall fail so to prepare them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the judge, whereupon the period of due preparation and filing shall be automatically extended for five days after such notification." Under this rule, as well as under the following rule (No. 298), it appears that the utmost period of ex-

tension of time for filing findings of fact and conclusions of law would be ten days, that is, until twenty days before the filing of the transcript.

Since, as above pointed out, no extension of time for filing the transcript in accordance with the provisions of Rule 386, was applied for or granted, we are of the opinion that we could not consider findings and conclusions which were prepared and filed after the time prescribed by the rules above mentioned, particularly after the sixty-day period prescribed by Rule 386, Rules of Civil Procedure, except, perhaps, upon agreement or acquiescence of the parties.

In view of this holding, the granting of appellant's motion would be a useless thing, and consequently said motion is overruled.

What has been said in no way relates to the right of either party to amend the record, as permitted by Rules 428 and 429, Rules of Civil Procedure. As we understand appellant's motion it presents a case in which findings and conclusions had not been prepared and filed by the time the transcript was required to be filed (and actually was filed) in this Court.

Motion overruled.