There being no valid objection urged to the bonds, the mandamus should issue in accordance with the prayer of the relator. It is so ordered.

## BOSTWICK v. BUCKLIN.
### No. 11507.

Court of Civil Appeals of Texas.
San Antonio.

April 25, 1945.

Rehearing Denied May 16, 1945.

Smallwood & Gibbon, of Harlingen, for appellant.

West & Hightower, of Brownsville, and P. F. Dominy, of San Benito, for appellee.

NORVELL, Justice.

This case involved a construction of Rule No. 386 of the Texas Rules of Civil Procedure. The question, stated specifically, is: Does the phrase, "within sixty days from the final judgment" refer to the time of rendition of judgment or to the time of entry of judgment?

The question arises in the following manner: The appellant, Malcolm E. Bostwick, sued appellee, E. I. Bucklin, for the recovery of certain monies allegedly collected by Bucklin as Bostwick's agent. Trial was to the court without a jury and the trial judge, upon conflicting evidence, rendered judgment for Bucklin. Bostwick requested findings of fact and conclusions of law which were filed on December 21, 1944.

The trial judge's findings of fact support his conclusions of law, which were to the effect that appellant had failed to prove his cause of action by a preponderance of the evidence; that the parties had made a complete settlement of their controversy prior to the time this action was filed, and that appellant's claim was barred by the two-year statute of limitations. Article 5526, Vernon's Ann.Civ.Stats. A statement of facts was brought up with the transcript and, although the evidence contained therein is conflicting, it must be held that the findings of the trial judge are supported by the evidence.

From the standpoint of the appellant, one of the purposes of the demand for findings and conclusions is to avoid findings which will be implied by this Court in the absence of expressed findings and conclusions. Unless expressed findings and conclusions are filed, the Court will assume that the trial court found all fact issues having support in the evidence in favor of the judgment rendered. It is well settled that findings and conclusions which are not filed within the time prescribed by the Rules of Civil Procedure can not be considered by this Court. It is further settled that when the appellant has not been at fault in his attempts to secure such findings and conclusions and has not in some manner waived his right to have the same filed, a reversal must follow, if such findings and conclusions are not timely filed, unless it affirmatively appears from the record that appellant suffered no injury by being deprived of such findings and conclusions. Valley Box & Crate Factory v. Acker, Tex.Civ.App., 31 S.W.2d 1090; Bell v. Stephenson, Tex.Civ.App., 187 S.W.2d 152.

It cannot be said that an appellant suffers no prejudice simply because there is evidence in the record from which findings could be implied which would support the judgment. The rule generally applicable

is that when the evidence bearing upon controlling fact issues is conflicting, it is reversible error to deprive an appellant (who is not at fault) of expressed findings and conclusions.

The record of the judgment here appealed from discloses that it was rendered on November 9, 1944, but was not entered in the minutes of the court until November 22, 1944. For a discussion of the distinction between the rendition of judgment and the entry of judgment, see Simpson v. Charity Benev. Ass'n, 137 Tex. 215, 152 S. W.2d 1093.

Rules 296, 297 and 386, R.C.P., read as follows:

"Rule 296. Conclusions of Fact and Law.

—Upon a trial by the court, the judge shall, at the request of either party, state in writing the conclusions of fact found by him separately from the conclusions of law. Such findings of fact and conclusions of law shall be filed with the clerk and shall be a part of the record.

"Source: Art. 2208, unchanged."

"Rule 297. Time to File Conclusions.—When demand is made therefor, the judge of a district or county court thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the court. If he shall fail so to prepare them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification.

"Source: Art. 2247, unchanged."

"Rule 386. Time to File Transcript and Statement of Facts.—In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty day period, showing good cause to have existed within such sixty day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe.

"Source: Art. 1839 as amended in 1939.

"Change: Substitution of 'perfection of writ of error' for 'service of writ of error.'"

The time for filing the transcript in this Court, as fixed by Rule 386, is "within sixty days *from the final judgment*." Rule 386 differs in wording from Rule 385, relating to appeals from interlocutory orders, which provides that the record must be filed in the appellate court "within twenty days after *rendition of the order* appealed from." Texas State Bank v. John F. Grant Lumber Co., Tex.Civ.App., 169 S.W. 2d 224. The wording of Rule 386 also differs from that of Rule 356, relating to the time for filing a cost bond, which provides that an appeal bond must be filed "within thirty days after the date of judgment." This Court has held that the date of judgment is the date upon which the judgment is rendered. Bruce v. San Antonio Music Co., Tex.Civ.App., 165 S.W.2d 243. Likewise, Article 2092, Section 31, Vernon's Ann.Civ. Stats. (now repealed, Garrett v. Mercantile Nat. Bank at Dallas, 140 Tex. 394, 168 S.W.2d 636), applicable to the practice in certain district courts, contained a different provision from that of Article 1839, which has been adopted as Rule 386, R.C.P., in that said Article 2092, Section 31, provided that "the statement of facts and bills of exception shall be filed within ninety (90) days after the *judgment is rendered*." This provision also applied to the time for filing the transcript. Hanks v. Texas Employers Ins. Ass'n., 133 Tex. 187, 128 S.W.2d 1; Sloan v. Richey, Tex. Civ.App., 143 S.W.2d 119.

■■ If the phrase, "within sixty days from the final judgment," contained in Rule 386, be construed as meaning "within sixty days from the rendition of final judgment" (November 9, 1944), then the findings and conclusions filed herein on December 21, 1944, were filed too late. The record shows that this matter was called to the attention of the court on December 14, 1944, but the findings and conclusions were not filed within the extended period of five days. Rule 297, R. C. P.

The Waco Court of Civil Appeals, in Boren v. Cerf's Trust Estate, 145 S.W.2d 627, construed the phrase, "within sixty (60) days from the final judgment," as used in Article 1839, Vernon's Ann.Civ. Stats., as meaning the same as "within sixty days from rendition of final judgment."

In this particular, the provision of Article 1839 (now Rule 386) was given substantially the same meaning as that contained in Article 2092, Section 31, of the Special Practice Act.

However, in 1932, a short time after the amendment of Article 1839 (Acts. 42d Leg. p. 100, ch. 66), whereby the time for filing the transcript in this Court was fixed by the time of judgment rather than by the time of the perfection of the appeal, the Dallas Court of Civil Appeals, in C. S. Hamilton Motor Co. v. Muckleroy, Tex. Civ.App., 46 S.W.2d 451, said:

"The doctrine seems to be settled in this state that, so long as a judgment pronounced or order made is unentered, it is not appealable, as the right to appeal dates from the actual entry of the judgment or order on the minutes of court. See Lane v. Ellinger, 32 Tex. 369; Bassett v. Mills, 89 Tex. 162, 34 S.W. 93; Palmo v. Slayden, 100 Tex. 13, 92 S.W. 796; Henry v. Boulter, 26 Tex.Civ.App. 387, 63 S.W. 1056; Texas & N. O. R. Co. v. Texas T. & L. Co., 50 Tex.Civ.App. 182, 110 S.W. 140, 142; Trotti v. Kinnear, Tex.Civ.App., 144 S.W. 326, 328; Cooper v. Carter, Tex. Civ.App., 233 S.W. 1020; Stinnett v. Dudley, Tex.Civ.App., 277 S.W. 801; Shields v. Amicable, etc., Co., Tex.Civ.App., 287 S.W. 293; Burnette v. Miracle, Tex.Civ. App., 295 S.W. 214. * * *

"Under this statute (Article 1839, as amended), the 60 days within which a transcript is required to be filed in the Court of Civil Appeals begins from the final judgment or order overruling the motion for a new trial, as the case may be, and under the doctrine of the cases first cited, to the effect that a judgment is not final, in the sense of being appealable, until actually entered upon the minutes of court, we think that, in the sense of the statute, it cannot be said that there is an appealable final judgment or order overruling a motion for new trial, until the same has been actually entered upon the minutes of court, and that the date of such entry must be considered the effective date from which to reckon the 60 days within which necessary steps are required to be taken to perfect the record for appeal. The right to appeal from an adverse judgment is a valuable one guaranteed by the Constitution (City of Fort Worth v. Capps Land Co., Tex.Civ.App., 205 S.W. 491), and all statutes of doubtful meaning regulating appeals should be given a construction that upholds, rather than defeats, such right."

See also Commercial State Bank v. Blackwell, Tex.Civ.App., 61 S.W.2d 563; Merrick v. Street, Tex.Civ.App., 84 S.W. 2d 518.

In Earnest v. Couch, 66 S.W.2d 483, this Court, in an opinion by Mr. Justice Murray, said:

"It is made to appear by the certificate of the clerk of the court below that the final judgment in this cause was not spread upon the minutes until July 10, 1933. There can be no appealable final judgment until it is spread upon the minutes; therefore, the time within which the transcript must be filed in the Court of Civil Appeals must be computed from the date the judgment is actually spread upon the minutes."

In Earnest v. Couch, this Court also held that an appeal bond was prematurely filed. This holding involved a construction of Article 2253, Vernon's Ann.Civ.Stats., and was subsequently disapproved by the Supreme Court, in Cleburne Nat. Bank v. Bowers, Trustee, 130 Tex. 637, 112 S.W.2d 717, 718. The Supreme Court, however, expressly stated that its opinion was not to be construed "as affecting the question of when the time for filing transcript in the appellate court begins to run."

Since we are committed to the holding that the sixty day period prescribed by Rule 386 does not commence to run until the entry of judgment (November 22, 1944), it follows that the time for filing the transcript did not expire until January 21, 1935. The findings of fact and conclusions of law filed on December 21, 1944, were filed thirty days before January 21, 1945, and consequently must be considered by us.

Since, as stated in the forepart of this opinion, the evidence supports the trial judge's findings of fact, which in turn support the conclusions of law, there is no reversible error disclosed by the record and an affirmance of the judgment is accordingly ordered.